IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| FRONT ROW TECHNOLOGIES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | No. 1:10-cv-00433 LFG/RLP |
| | § | |
| MAJOR LEAGUE BASEBALL | § | |
| PROPERTIES, INC., MLB ADVANCED | § | |
| MEDIA, L.P., AND NBA MEDIA | § | |
| VENTURES, LLC | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT
## FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiff Front Row Technologies, LLC ("Front Row") files this Original Complaint for patent infringement against Defendants Major League Baseball Properties, Inc., MLB Advanced Media, L.P., and NBA Media Ventures, LLC and alleges as follows:

### I. PARTIES

1.      Plaintiff Front Row Technologies is a New Mexico limited liability company having its principal place of business at 117 Bryn Mawr Drive SE, Albuquerque, New Mexico 87106.

2.      Defendant Major League Baseball Properties, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 245 Park Avenue, Floor 34, New York, New York 10167.  Major League Baseball Properties, Inc. is a resident of New York who engages in business in the State of New York and this action arises, in part, out of the Major League Baseball Properties, Inc.'s business directed to and in the State of New Mexico.  Major League Baseball Properties, Inc. is in the business of broadcasting

sporting events through electronic and wireless instrumentalities in interstate commerce and specifically does so in the State of New Mexico.

3.      Defendant MLB Advanced Media, L.P. is a limited partnership organized and existing under the laws of the State of New York, with its principal place of business located at 245 Park Avenue, Floor 34, New York 10167.   MLB Advanced Media, L.P. is a resident of New York which engages in business in the State of New York and this action arises, in part, out of the MLB Advanced Media, L.P.'s business directed to and in the State of New Mexico.  MLB Advanced Media, L.P. is in the business of broadcasting sporting events through electronic and wireless instrumentalities in interstate commerce and specifically does so in the State of New Mexico.

4.      Upon information and belief, Defendant NBA Media Ventures, LLC is a Delaware limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 450 Harmon Meadow Blvd., Secaucus, New Jersey 07094.  NBA Media Ventures, LLC is a resident of New Jersey which engages in business in the State of New Jersey and this action arises, in part, out of the NBA Media Ventures, LLC's business directed to and in the State of New Mexico.  NBA Media Ventures, LLC is in the business of broadcasting sporting events through electronic and wireless instrumentalities in interstate commerce and specifically does so in the State of New Mexico. Service of process on NBA Media Ventures, LLC may be made by serving the New Mexico Secretary of State pursuant to N.M. Stat. Ann. § 38-1-6.1(B).  NBA Media Ventures, LLC may also be served with process by serving its registered agent, United Corporate Services, Inc., at 874 Walker Road, Suite C, Dover, DE 19904.

PLAINTIFF'S SECOND AMENDED COMPLAINT – Page 2

## II.  JURISDICTION AND VENUE

5.    This action arises under the patent laws of the United States, Title 35 of the United Stated Code.  The Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

6.    Personal jurisdiction exists generally over each Defendant because each Defendant has sufficient minimum contacts with the forum as a result of business regularly conducted within the State of New Mexico.  Personal jurisdiction also exists specifically over Defendants as a result of, at least, Defendants' distribution network wherein Defendants, individually and collectively, placed instrumentalities and provided services and applications that practice the claimed inventions within the stream of commerce, which stream is directed at the State of New Mexico, and by committing the tort of patent infringement within the State of New Mexico.

7.    Venue is proper in this Court under 28 U.S.C. §§ 1391 (b)(2), (c), and 28 U.S.C. § 1400(b).

## III.  INFRINGEMENT OF UNITED STATES PATENTS

8.    Plaintiff Front Row is the owner of all rights, title and interest in and under United States Patent No. 7,620,426 ("'426 Patent"), titled "Providing Video of A Venue Activity To A Hand Held Device Through A Cellular Communications Network," which duly and legally issued on November 17, 2009.  A true and correct copy of the '426 patent is attached hereto as Exhibit A.

9.    Plaintiff Front Row is the owner of all rights, title and interest in and under United States Patent No. 7,376,388 ("'388 Patent"), titled "Broadcasting Venue Data to a Wireless Hand

Held Device," which duly and legally issued on May 20, 2008. A true and correct copy of the '388 patent is attached hereto as Exhibit B.

10. Plaintiff Front Row is the owner of all rights, title and interest in and under United States Patent No. 7,149,549 ("'549 patent"), titled "Providing Multiple Perspectives for a Venue Activity Through an Electronic Hand Held Device," which duly and legally issued on December 12, 2006. A true and correct copy of the '549 patent is attached hereto as Exhibit C.

11. The '426 patent is valid and enforceable.

12. The '388 patent is valid and enforceable.

13. The '549 patent is valid and enforceable.

14. All requirements under 35 U.S.C. § 287 have been satisfied with respect to the '426 patent, the '388 patent and the '549 patent.

A. **INFRINGEMENT BY MLB DEFENDANTS**

15. Defendants Major League Baseball Properties, Inc. and MLB Advanced Media, L.P. (collectively "MLB Defendants") have been and are continuing to directly infringe, literally and/or under the doctrine of equivalents, the '426 patent by making, using, offering for sale, selling, and/or importing in or into the United States, without authority, instrumentalities that practice one or more claims of the '426 patent in violation of § 271(a), including, but not limited to, MLB Defendants' AT BAT MOBILE application, which can be implemented on several different types of hand held devices.

16. For example, MLB Defendants have and continue to sell their AT BAT MOBILE application that practices a system for providing entertainment data including captured motion video of live entertainment venue events to a hand held device, said system comprising: a server and video cameras located at a live entertainment venue, said server for processing and storing

live venue event content including moving images of action occurring at the live venue event and captured by said video cameras, wherein said live venue event content is accessed from said server and transmitted over a cellular communications network to hand held devices; said hand held device including a motion video display and a cellular communications network receiver having access to said cellular communications network, wherein said cellular communications network receiver wirelessly accesses and receives data containing at least one video stream conveying live video venue event content, said live venue event content including moving images of action occurring at the live venue event captured by video cameras at the live venue event from said server with said cellular communications network receiver over said cellular communications network and said live video venue event content including moving images of action occurring at the live venue event and captured by said video cameras is displayed on said motion video display.

17.     As another example, MLB Defendants have and continue to sell their AT BAT MOBILE application that practices a system for providing data including video of a live venue event over a wireless communications network to a hand held device for display on a motion video display, said system comprising: said hand held device including a cellular communications receiver which wirelessly receives data containing at least one video stream conveying video of live action captured by video cameras located at a live entertainment event venue; a motion video display associated and integrated with said hand held device; a user interface associated with said hand held device which permits a user to select said at least one video stream to be displayed on said motion video display; and said cellular communications network through which said data containing said at least one video stream conveying said live video venue event content is transmitted to said hand held device for display via said motion

video display, wherein said data further comprises advertising information and instant replay video data derived from said at least one video stream conveying live video venue event content.

18.     As yet another example, MLB Defendants have and continue to sell their AT BAT MOBILE application that practices a method for providing video and data from a live venue event to a hand held device, said method comprising:  capturing video including moving images of action occurring at the live venue event held at a venue using video cameras located throughout a live entertainment venue and providing said video to a server located at said venue; transmitting said video and recorded data including at least one of advertising information, team information, statistics, advertisements, and instant replay video data, from said server through a cellular communications network to hand held devices, said data containing at least one video stream conveying said live video venue event content for display via a display associated with said hand held device; and providing a hand held device including a cellular communication receiver and a motion video display to wirelessly receive said video and recorded data for display on said motion video display.

19.     MLB Defendants have been and are continuing to induce infringement of the '426 patent under 35 U.S.C. § 271(b) and contribute to infringement of the '426 Patent under 35 U.S.C. § 271(c), in conjunction with such acts of making, using, offering for sale, selling, and/or importing in or into the United States, without authority, instrumentalities that practice one or more claims of the '426 patent, including but not limited to MLB Defendants' AT BAT MOBILE application.  The infringing instrumentalities have no substantial non-infringing uses.

20.     MLB Defendants have been and are continuing to directly infringe, literally and/or under the doctrine of equivalents, the '388 patent by making, using, offering for sale, selling, and/or importing in or into the United States, without authority, instrumentalities that

practice one or more claims of the '388 patent in violation of § 271(a), including MLB Defendants' AT BAT MOBILE application, which can be implemented on several different types of hand held devices.

21.    For example, MLB Defendants have and continue to sell their AT BAT MOBILE application that practices a method for transmitting venue-based data to authorized wireless hand held devices located throughout an entertainment venue, comprising: providing an entertainment venue including more than one video camera simultaneously capturing live video from more than one perspective of venue activities and wireless data transmission hardware adapted to support wireless transmission of venue-based data to authorized wireless hand held devices located at said entertainment venue, said entertainment venue further comprising at least one of: a racing stadium, a sports stadium, a concert hall, a golf course, a casino, a boxing arena, a wresting arena, an amusement park; authorizing wireless hand held devices adapted to receive and process venue-based data including video for operation at an entertainment venue; providing venue-based data to said wireless data transmission hardware, said venue-based data including said live video and at least one of: venue information, event information, promotional information, advertising information, team information, statistics, television broadcasts, sports scores, gaming information; and wirelessly transmitting said venue-based data to authorized wireless hand held devices located throughout said entertainment venue.

22.    As another example, MLB Defendants have and continue to sell their AT BAT MOBILE application that practices a method for transmitting venue-based data including video camera views for display at authorized wireless hand held devices, said method comprising the steps of:  providing an entertainment venue with more than one video camera and a wireless data communications network adapted to support secure wireless communications between at least

one server and authorized wireless hand held devices located at said entertainment venue, said entertainment venue further comprising at least one of:  a racing stadium, a sports stadium, a concert hall, a golf course, a casino, a boxing arena, a wresting arena, an amusement park; capturing video images of more than one visual perspective of a venue-based activity using said more than one video camera; providing said video images to said at least one server, said at least one server adapted to simultaneously process said video images with venue-based data, said venue-based data including at least one of:  venue information, event information, promotional information, advertising information, team information, statistics, television broadcasts, sports scores, gaming information; processing said video images at said at least one server into venue-based data formatted for wireless transmission through said wireless data communications network from said at least one server to said authorized wireless hand held devices; using at least one security code to authenticate said authorized wireless hand held devices to receive and process said venue-based data from said at least one server through said wireless data communications network; and transmitting said venue-based data including at least one video image captured by said more than one video camera from said server over said wireless data communications network to said authorized wireless hand held devices located at said entertainment venue, said authorized wireless hand held devices each including a display screen, a user interface and at least one security code, said user interface adapted for viewing venue-based data selected through a user interface from said venue-based data provided to said wireless hand held devices by said at least one server if said wireless hand held devices are authenticated by said at least one security code.

23.    MLB Defendants have been and are continuing to induce infringement of the '388 patent under 35 U.S.C. § 271(b) and contribute to infringement of the '388 Patent under 35

U.S.C. § 271(c), in conjunction with such acts of making, using, offering for sale, selling, and/or importing in or into the United States, without authority, instrumentalities that practice one or more claims of the '388 patent, including but not limited to MLB Defendants' AT BAT MOBILE application.  The infringing instrumentalities have no substantial non-infringing uses.

24.     MLB Defendants have been and are continuing to directly infringe, literally and/or under the doctrine of equivalents, the '549 patent by making, using, offering for sale, selling, and/or importing in or into the United States, without authority, instrumentalities that practice one or more claims of the '549 patent in violation of § 271(a), including but not limited to MLB Defendants' AT BAT MOBILE application, which can be implemented on several different types of hand held devices.

25.     For example, MLB Defendants have and continue to sell their AT BAT MOBILE application that practices a method for receiving venue-based data at a hand held device, said method comprising the steps of:  wirelessly receiving data at a hand held device wherein said data includes video streaming simultaneously from more than one visual perspective within an entertainment venue and wherein said data is transmitted from at least one venue-based data source at the entertainment venue; processing said data for display on a display screen associated with said hand held device; and displaying video of only one visual perspective within said entertainment venue selected from more than one visual perspective simultaneously streaming as video on said display screen in response to a user selection of said only one visual perspective from the more than one visual perspective a user input at a user interface associated with said hand held device.

26.     As another example, MLB Defendants have and continue to sell their AT BAT MOBILE application that practice  a method for wirelessly receiving venue-based data at a hand

held device, said method comprising the steps of: wirelessly receiving venue-based data at a hand held device, said venue-based data including more than one video perspective captured by more than one video camera located within an entertainment venue; processing said venue-based data for simultaneous display as video of the more than video perspective on a display screen associated with said hand held device; displaying said venue-based data on said display screen; and enabling a user of said hand held device to view and manipulate said venue-based data through a user interface associated with said hand held device.

27. As another example, MLB Defendants have and continue to sell their AT BAT MOBILE application that practices a method for receiving at least one visual perspective of a venue-based activity at a hand held device, said method comprising the steps of: simultaneously receiving at a hand held device more than one visual perspective of a venue-based activity in a form of more than one video signal transmitted from at least one venue-based data source at an entertainment venue; processing said at least one visual perspective for simultaneous display as more than one video signal on a touch-sensitive display screen associated with said hand held device; simultaneously displaying said more than one visual perspective on said touch-sensitive display screen, thereby enabling a user of said hand held device to simultaneously view more than one venue-based visual perspectives through said hand held device in the form of video; and displaying a single visual perspective on said display screen in response to a user's selection of said single visual perspective from among said more than one visual perspective being simultaneously displayed on the touch-sensitive display screen after the user touches the touch-sensitive display screen at a point where the touch-sensitive display screen overlays the single visual perspective.

28. As another example, MLB Defendants have and continue to sell their AT BAT MOBILE application for a hand held device adapted for simultaneously receiving more than one video perspective captured by more than one video camera located within an entertainment venue, comprising: at least one receiver adapted for simultaneously receiving more than one video perspective; a processor adapted for processing said more than one video perspective for simultaneous display of at least two video perspectives on a display screen associated with said hand held device; and a display screen adapted for simultaneously displaying the at least two video perspectives.

29. As another example, MLB Defendants have and continue to sell their AT BAT MOBILE application that practice a system for wirelessly receiving venue-based data including more than one video stream form more than one visual perspective within an entertainment venue at a hand held device, said system comprising: a receiver adapted for wirelessly receiving data at a wireless hand held device including more than one video stream from more than one visual perspective transmitted from more than one venue-based data source at the entertainment venue; a processor adapted to process said venue-based data for display at said hand held device; and a display screen adapted for simultaneously displaying the venue-based data processed by the processor, wherein said display screen is associated with said hand held device, thereby enabling a user of said hand held device to view the more than one video stream.

30. As another example, MLB Defendants have and continue to sell their AT BAT MOBILE application that practices a system for receiving more than one video perspective of a venue-based activity at a hand held device, said system comprising a hand held device including: at least one receiver for simultaneously receiving more than one video perspective of a venue-based activity simultaneously transmitted from more than one venue-based video data source;

and a processor adapted to process said more than one video perspective for display on a display screen associated with said hand held device.

31.     MLB Defendants have been and are continuing to induce infringement of the '549 patent under 35 U.S.C. § 271(b) and contribute to infringement of the '549 Patent under 35 U.S.C. § 271(c), in conjunction with such acts of making, using, offering for sale, selling, and/or importing in or into the United States, without authority, instrumentalities that practice and practicing one or more claims of the '549 patent, including but not limited to MLB Defendants' AT BAT MOBILE application.  The infringing instrumentalities have no substantial non-infringing uses.

32.     Plaintiff Front Row Technologies has no adequate remedy at law against MLB Defendants' acts of patent infringement.  Unless MLB Defendants are permanently enjoined from their unlawful and willful infringement of the '426, '388 and the '549 patents, Front Row will suffer irreparable harm.

33.     As a direct and proximate result of MLB Defendants' acts of patent infringement, Front Row has been and continues to be injured and has sustained and will continue to sustain substantial damages.

34.     Front Row has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.  The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Front Row is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

**B.     INFRINGEMENT BY NBA DEFENDANT**

35.     Defendant NBA Media Ventures, LLC (hereinafter "NBA Defendant") has been and is continuing to directly infringe, literally and/or under the doctrine of equivalents, the '426

patent by making, using, offering for sale, selling, and/or importing in or into the United States, without authority, instrumentalities that practice one or more claims of the '426 patent in violation of § 271(a), including but not limited to NBA Defendant's NBA LEAGUE PASS MOBILE application, which can be implemented on several different types of hand held devices.

36.     For example, NBA Defendant has sold and continues to sell its NBA LEAGUE PASS MOBILE application that practices a system for providing entertainment data including captured motion video of live entertainment venue events to a hand held device, said system comprising:  a server and video cameras located at a live entertainment venue, said server for processing and storing live venue event content including moving images of action occurring at the live venue event and captured by said video cameras, wherein said live venue event content is accessed from said server and transmitted over a cellular communications network to hand held devices; said hand held device including a motion video display and a cellular communications network receiver having access to said cellular communications network, wherein said cellular communications network receiver wirelessly accesses and receives data containing at least one video stream conveying live video venue event content, said live venue event content including moving images of action occurring at the live venue event captured by video cameras at the live venue event from said server with said cellular communications network receiver over said cellular communications network and said live video venue event content including moving images of action occurring at the live venue event and captured by said video cameras is displayed on said motion video display.

37.     As another example, NBA Defendant has sold and continues to sell its NBA LEAGUE PASS MOBILE application that practices a system for providing data including video of a live venue event over a wireless communications network to a hand held device for display

on a motion video display, said system comprising: said hand held device including a cellular communications receiver which wirelessly receives data containing at least one video stream conveying video of live action captured by video cameras located at a live entertainment event venue; a motion video display associated and integrated with said hand held device; a user interface associated with said hand held device which permits a user to select said at least one video stream to be displayed on said motion video display; and said cellular communications network through which said data containing said at least one video stream conveying said live video venue event content is transmitted to said hand held device for display via said motion video display, wherein said data further comprises advertising information and instant replay video data derived from said at least one video stream conveying live video venue event content.

38.     As another example, NBA Defendant has sold and continues to sell its NBA LEAGUE PASS MOBILE application that practices a method for providing video and data from a live venue event to a hand held device, said method comprising: capturing video including moving images of action occurring at the live venue event held at a venue using video cameras located throughout a live entertainment venue and providing said video to a server located at said venue; transmitting said video and recorded data including at least one of advertising information, team information, statistics, advertisements, and instant replay video data, from said server through a cellular communications network to hand held devices, said data containing at least one video stream conveying said live video venue event content for display via a display associated with said hand held device; and providing a hand held device including a cellular communication receiver and a motion video display to wirelessly receive said video and recorded data for display on said motion video display.

39.     NBA Defendant has been and is continuing to induce infringement of the '426 patent under 35 U.S.C. § 271(b) and contribute to infringement of the '426 Patent under 35 U.S.C. § 271(c), in conjunction with such acts of making, using, offering for sale, selling, and/or importing in or into the United States, without authority, instrumentalities that practice one or more claims of the '426 patent, including but not limited to NBA Defendant's NBA LEAGUE PASS MOBILE application. The infringing instrumentalities have no substantial non-infringing uses.

40.     NBA Defendant has been and is continuing to directly infringe, literally and/or under the doctrine of equivalents, the '388 patent by making, using, offering for sale, selling, and/or importing in or into the United States, without authority, instrumentalities that practice one or more claims of the '388 patent in violation of § 271(a), including NBA Defendant's NBA LEAGUE PASS MOBILE application, which can be implemented on several different types of hand held devices.

41.     For example, NBA Defendant has sold and continues to sell its NBA LEAGUE PASS MOBILE application that practices a method for transmitting venue-based data to authorized wireless hand held devices located throughout an entertainment venue, comprising: providing an entertainment venue including more than one video camera simultaneously capturing live video from more than one perspective of venue activities and wireless data transmission hardware adapted to support wireless transmission of venue-based data to authorized wireless hand held devices located at said entertainment venue, said entertainment venue further comprising at least one of: a racing stadium, a sports stadium, a concert hall, a golf course, a casino, a boxing arena, a wresting arena, an amusement park; authorizing wireless hand held devices adapted to receive and process venue-based data including video for operation

at an entertainment venue; providing venue-based data to said wireless data transmission hardware, said venue-based data including said live video and at least one of: venue information, event information, promotional information, advertising information, team information, statistics, television broadcasts, sports scores, gaming information; and wirelessly transmitting said venue-based data to authorized wireless hand held devices located throughout said entertainment venue.

42.     As another example, NBA Defendant has sold and continues to sell their NBA LEAGUE PASS MOBILE application that practices a method for transmitting venue-based data including video camera views for display at authorized wireless hand held devices, said method comprising the steps of:  providing an entertainment venue with more than one video camera and a wireless data communications network adapted to support secure wireless communications between at least one server and authorized wireless hand held devices located at said entertainment venue, said entertainment venue further comprising at least one of: a racing stadium, a sports stadium, a concert hall, a golf course, a casino, a boxing arena, a wresting arena, an amusement park; capturing video images of more than one visual perspective of a venue-based activity using said more than one video camera; providing said video images to said at least one server, said at least one server adapted to simultaneously process said video images with venue-based data, said venue-based data including at least one of:  venue information, event information, promotional information, advertising information, team information, statistics, television broadcasts, sports scores, gaming information; processing said video images at said at least one server into venue-based data formatted for wireless transmission through said wireless data communications network from said at least one server to said authorized wireless hand held devices; using at least one security code to authenticate said authorized wireless hand held

devices to receive and process said venue-based data from said at least one server through said wireless data communications network; and transmitting said venue-based data including at least one video image captured by said more than one video camera from said server over said wireless data communications network to said authorized wireless hand held devices located at said entertainment venue, said authorized wireless hand held devices each including a display screen, a user interface and at least one security code, said user interface adapted for viewing venue-based data selected through a user interface from said venue-based data provided to said wireless hand held devices by said at least one server if said wireless hand held devices are authenticated by said at least one security code.

43.     NBA Defendant has been and is continuing to induce infringement of the '388 patent under 35 U.S.C. § 271(b) and contribute to infringement of the '388 Patent under 35 U.S.C. § 271(c), in conjunction with such acts of making, using, offering for sale, selling, and/or importing in or into the United States, without authority, instrumentalities that practice one or more claims of the '388 patent, including but not limited to NBA Defendant's NBA LEAGUE PASS MOBILE application.  The infringing instrumentalities have no substantial non-infringing uses.

44.     Plaintiff Front Row has no adequate remedy at law against NBA Defendant's acts of patent infringement.  Unless NBA Defendant is permanently enjoined from their unlawful and willful infringement of the '426 and the '388 patents, Front Row will suffer irreparable harm.

45.     As a direct and proximate result of NBA Defendant's acts of patent infringement, Front Row has been and continues to be injured and has sustained and will continue to sustain substantial damages.

46.     Front Row has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.  The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Front Row is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

## IV.  PRAYER FOR RELIEF

Plaintiff Front Row Technologies, LLC respectfully requests that judgment be entered in its favor and against Defendants Major League Baseball Properties, Inc., MLB Advanced Media, L.P., and NBA Media Ventures, LLC and respectfully requests that the Court grant the following relief to Front Row Technologies, LLC:

a)      Declare that the '426, '388 and '549 patents are exclusively owned by Plaintiff Front Row Technologies, LLC;

b)      Declare that the '426, '388 and '549 patents are valid and enforceable;

c)      Declare that Defendants Major League Baseball Properties, Inc. and MLB Advanced Media, L.P., are liable for past and present direct infringement, both literally and under the doctrine of equivalents, of the '426, '388 and '549 patents;

d)      Declare that Defendant NBA Media Ventures, LLC is liable for past and present direct infringement, both literally and under the doctrine of equivalents, of the '426 and '388 patents;

e)      Declare that Defendants Major League Baseball Properties, Inc. and MLB Advanced Media, L.P. are liable for inducing infringement and contributing to infringement of the '426, '388 and '549 patents, both in the past and presently;

f)      Declare that Defendant NBA Media Ventures, LLC is liable for inducing infringement and contributing to infringement of the '426 and '388 patents, both in the past and presently;

g)      Award damages to Front Row Technologies, LLC to which it is entitled for patent infringement of the '426, '388 and '549 patents;

h)      Enter a preliminary, and thereafter, permanent injunction against Defendants Major League Baseball Properties, Inc. and MLB Advanced Media, L.P. for their acts of direct infringement of the '426, '388 and '549 patents;

i)      Enter a preliminary, and thereafter, permanent injunction against Defendant NBA Media Ventures, LLC for its acts of direct infringement of the '426 and '388 patents;

j)      Enter a preliminary, and thereafter, permanent injunction against Defendants Major League Baseball Properties, Inc., and MLB Advanced Media, L.P., for active inducement of infringement and/or contributory infringement of the '426, '388 and '549 patents by others;

k)      Enter a preliminary, and thereafter, permanent injunction against Defendant NBA Media Ventures, LLC for active inducement of infringement and/or contributory infringement of the '426 and '388 patents by others;

l)      Award Front Row Technologies, LLC its expenses, costs, and attorneys' fees pursuant to 35 U.S.C. § 285;

m)      Award interest on Front Row Technologies, LLC's damages; and

n)      Such other relief as the Court deems just and proper.

## V.  JURY DEMAND

In accordance with Federal Rules of Civil Procedure 38 and 39, Plaintiff Front Row Technologies, LLC asserts its rights under the Seventh Amendment of the United States Constitution and demands a trial by jury on all issues.


Respectfully submitted:

DAVIS & GILCHRIST, P.C.


By:_____
        William G. Gilchrist
        Bryan J. Davis
117 Bryn Mawr, S.E.
Albuquerque, New Mexico 87106
(505) 435-9908

-and-

SHORE CHAN BRAGALONE DEPUMPO LLP

Michael W. Shore
Texas State Bar No. 18294915
Alfonso Garcia Chan
Texas State Bar No. 24012408
Patrick J. Conroy
Texas Bar No. 24012448
Rajkumar Vinnakota
Texas Bar No. 24042337
Christopher L. Evans
Texas Bar No. 24058901
901 Main Street Street, Suite 3300
Dallas, Texas 75202
Telephone: 214.593.9110
Facsimile: 214.593.9111

*Attorneys for Plaintiff*
*Front Row Technologies, LLC*

The undersigned certifies that a copy
of the foregoing was served on all
counsel of record via the CM/ECF
system on the date filed.

William G. Gilchrist