IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| FRONT ROW TECHNOLOGIES, LLC, § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> MAJOR LEAGUE BASEBALL § <br> PROPERTIES, INC., MLB ADVANCED § <br> MEDIA, L.P., AND NBA MEDIA § <br> VENTURES, LLC § <br> § <br> Defendants. § | No. 1:10-cv-00433 LFG/RLP |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE PLAINTIFF'S THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiff Front Row Technologies, LLC ("Front Row Technologies") moves pursuant to Federal Rules of Civil Procedure 15(a)(2), 20(a)(2), and Local Rule of Civil Procedure 15.1 for leave to file its Third Amended Complaint for Patent Infringement and Jury Demand (the "Third Amended Complaint"). A copy of Plaintiff's Third Amended Complaint is attached hereto as **Exhibit 1**.

Front Row Technologies requests that the Court grant its unopposed motion because no party will be prejudiced by the requested amendment since neither Major League Baseball Properties, Inc., MLB Advanced Media, L.P. (collectively, "MLB") or NBA Media Ventures, LLC. ("NBA") have filed an answer, no discovery has been taken, and a scheduling order has not yet been entered.

Moreover, though Plaintiff's Third Amended Complaint seeks to add claims of patent infringement against the MLB by asserting a newly issued United States Patent, the actual accused instrumentalities and the related technology is similar, and the new facts and claims set

forth in the Third Amended Complaint are substantially the same as to the existing claims against the Current Defendants including but not limited to: (i) ownership of the patents-in-suit, (ii) validity of the patents-in-suit; and (iii) the accused devices of patent infringement by MLB.

## MEMORANDUM OF AUTHORITIES

Front Row Technologies respectfully requests the Court to grant it leave to file its Third Amended Complaint for Patent Infringement and Jury Demand because none of the parties would be prejudiced by the requested amendment.

Under Rule 15(a), "leave to amend shall be freely given when justice so requires," and should be granted absent some justification for refusal.[1]  *Foman v. Davis*, 371 U.S. 178 (1962); *Gillette v. Tansy*, 17 F.3d 308, 313 (10th 1994); *Precision Concrete Cutting, Inc. v. Sidewalk Shavers, LLC*, No. 09-cv-008566-PAB-KLM, 2009 WL 2983171, at *1 (D. Colo. Sept. 14, 2009) ("Fed.R.Civ.P. 15(a) provides for liberal amendment of pleadings. . . . Amendment under the rule has been freely granted.").

In considering a motion to amend, courts balance several factors. *See* 6 C. Wright & A. Miller, Federal Practice and Procedure, § 1487, at 612-13 (2d ed. 1990). The United States Supreme Court has articulated these factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman*, 371 U.S. at 182; *Merck & Co., Inc. v. Apotex, Inc.*, 287 F. App'x. 884, 889 (Fed. Cir. 2008). *Taliaferro v. City of Kan. City, Kan.*, 128 F.R.D. 675, 678 (D. Kan. 1989) ("It is well established that in determining whether to grant leave to amend, the court may

---

[1] The law of the regional circuit court controls decisions regarding motions for leave to amend pursuant to Federal Rule of Civil Procedure 15(a). *See Merck & Co., Inc. v. Appotex, Inc.*, 287 F. App'x 884, 888 (Fed. Cir. 2008) ("In review of an order denying a motion to amend, a subject which is not unique to patent law, we look to the law of the regional circuit court.").

consider such factors as undue delay, the moving party's bad faith or dilatory motive, the prejudice an amendment may cause the opposing party, and the futility of amendment.").

For example, leave to amend to add a new cause of action has been denied in circumstances where granting the amendment would "require reopening discovery and essentially starting this case anew, and would significantly delay the final deposition." *See Sipp v. Unumprovident Corp.*, 107 F. App'x. 867, 877 (10th Cir. 2004).  But these circumstances are absent here because the Defendants have not yet filed an answer, no discovery has been taken, and a scheduling order has not yet been entered.  Thus, the requested amendment should be allowed.

WHEREFORE, Front Row Technologies prays that the Court enter the Order filed herewith granting it leave to file Plaintiff's Third Amended Complaint for Patent Infringement and Jury Demand.

Date:   November 29, 2010　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　DAVIS & GILCHRIST, P.C.

　　　　　　　　　　　　　　　　　　　　By:   */s/ William G. Gilchrist*
　　　　　　　　　　　　　　　　　　　　William G. Gilchrist
　　　　　　　　　　　　　　　　　　　　Bryan J. Davis
　　　　　　　　　　　　　　　　　　　　117 Bryn Mawr, S.E.
　　　　　　　　　　　　　　　　　　　　Albuquerque, New Mexico 87106
　　　　　　　　　　　　　　　　　　　　(505) 435-9908

　　　　　　　　　　　　　　　　　　　　and

　　　　　　　　　　　　　　　　　　　　SHORE CHAN BRAGALONE DEPUMPO LLP

　　　　　　　　　　　　　　　　　　　　Michael W. Shore
　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 18294915
　　　　　　　　　　　　　　　　　　　　Alfonso Garcia Chan
　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 24012408
　　　　　　　　　　　　　　　　　　　　Patrick J. Conroy
　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24012448
　　　　　　　　　　　　　　　　　　　　Rajkumar Vinnakota
　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24042337
　　　　　　　　　　　　　　　　　　　　Christopher L. Evans
　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24058901
　　　　　　　　　　　　　　　　　　　　901 Main Street, Suite 3300
　　　　　　　　　　　　　　　　　　　　Dallas, Texas 75202
　　　　　　　　　　　　　　　　　　　　Telephone: 214.593.9110
　　　　　　　　　　　　　　　　　　　　Facsimile: 214.593.9111

　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*
　　　　　　　　　　　　　　　　　　　　*Front Row Technologies, LLC*

## CERTIFICATE OF CONFERENCE

On November 29, 2010, pursuant to D.N.M.LR-Civ.7.1(a), I conferred with Ms. Cynthia Franecki, counsel for MLB Advanced Media, L.P. and Major League Baseball Properties, Inc. (collectively "MLB Entities"). The MLB Entities do not oppose the present Motion to for Leave to File Plaintiff's Third Amended Complaint for Patent Infringement and Jury Demand on the condition that they are not required to respond to a complaint that may no longer be operative. The MLB Entities response would otherwise be due today. Thus, the parties further agree to extend the date on or before which the MLB Entities must answer or otherwise respond to Plaintiff's Second Amended Complaint to the later of December 15, 2010 or five days following the date on which the Court denies the Motion to Amend Plaintiff's Second Amended Complaint. If Plaintiff's present Motion to Amend Plaintiff's Second Amended Complaint is granted on or before December 15, 2010, barring any further extensions, the parties further agree that the MLB Entities answer or other response to the Third Amended Complaint will be due on the later of (1) December 15, 2010; and (2) the date a response is required under Federal Rule of Civil Procedure 15(a)(3).

On November 29, 2010, I conferred with Ms. Ayala Deutsch, in-house counsel for Defendant NBA Media Ventures, LLC ('NBA Media"). Ms. Deutsch indicated that NBA Media would not be opposed to the relief sought herein.

*/s/ Rajkumar Vinnakota*
Rajkumar Vinnakota

## CERTIFICATE OF SERVICE

This is to certify that on this 29th day of November, 2010 Plaintiff's Unopposed Motion for Leave to File Plaintiff's Third Amended Complaint for Patent Infringement and Jury Demand was electronically filed with the Court using the CM/ECF system which will send notification of such filing to the following:

*/s/ William G. Gilchrist*
William G. Gilchrist