**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| FRONT ROW TECHNOLOGIES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| MAJOR LEAGUE BASEBALL | § | No. 1:10-cv-00433 JB/RLP |
| PROPERTIES, INC., MLB ADVANCED | § | |
| MEDIA, L.P., AND NBA MEDIA | § | JURY DEMANDED |
| VENTURES, LLC. | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**NBA MEDIA VENTURES, LLC'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO FRONT ROW TECHNOLOGIES LLC'S THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant NBA MEDIA VENTURES, LLC ("NBAMV") respectfully submits its answer, defenses, and counterclaims to the Third Amended Complaint (the "Complaint") filed by Plaintiff Front Row Technologies, LLC's ("Front Row"). Each numbered paragraph 1–54 below corresponds to those paragraphs numbered 1–54 in the Complaint. NBAMV denies all allegations made in the Complaint, whether express or implied, that are not specifically admitted below.

## I. PARTIES

1.      NBAMV lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and therefore denies each and every allegation contained therein.

2.      NBAMV lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and therefore denies each and every allegation contained therein.

3.      NBAMV lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and therefore denies each and every allegation contained therein.

4.      NBAMV admits that it is a Delaware limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 450 Harmon Meadow Blvd., Secaucus, NJ 07094.  NBAMV admits it is a resident of New Jersey which engages in business in the State of New Jersey.  NBAMV admits that it conducts business in the State of New Mexico.  NBAMV admits that service of process may be through its registered agent, United Corporate Services, Inc., at 874 Walker Road, Suite C, Dover, DE 19904.  NBAMV denies all other allegations in paragraph 4 of the Complaint.

## II. JURISDICTION AND VENUE

5.      NBAMV admits that the Complaint alleges acts of patent infringement under the patent laws of the United States, Title 35 of the United States Code.  NBAMV further admits that this Court has subject matter jurisdiction over such claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).  NBAMV denies all other allegations in paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint calls for a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied.

7.     Paragraph 7 of the Complaint calls for a legal conclusion to which no response is required; to the extent a response is required, the allegations are denied.

### III. INFRINGEMENT OF UNITED STATES PATENTS

8.     NBAMV admits that U.S. Patent No. 7,620,426 ("'426 patent"), on its face, lists its title as "Providing Video of A Venue Activity To A Hand Held Device Through A Cellular Communications Network," and purports to have been issued on November 17, 2009. NBAMV admits that what appears to be a copy of the '426 patent is attached as Exhibit A to the Complaint. NBAMV denies all other allegations in paragraph 8 of the Complaint, including that the '426 patent was duly and legally issued.

9.     NBAMV admits that U.S. Patent No. 7,376,388 ("'388 patent"), on its face, lists its title as "Broadcasting Venue Data to a Wireless Hand Held Device," and purports to have been issued on May 20, 2008. NBAMV admits that what appears to be a copy of the '388 patent is attached as Exhibit B to the Complaint. NBAMV denies all other allegations in paragraph 9 of the Complaint, including that the '388 patent was duly and legally issued.

10.    NBAMV admits that U.S. Patent No. 7,149,549 ("'549 patent"), on its face, lists its title as "Providing Multiple Perspectives for a Venue Activity Through an Electronic Hand Held Device," and purports to have been issued on December 12, 2006. NBAMV admits that what appears to be a copy of the '549 patent is attached as Exhibit C to the Complaint. NBAMV denies all other allegations in paragraph 10 of the Complaint, including that the '549 patent was duly and legally issued.

11.    NBAMV admits that U.S. Patent No. 7,826,877 ("'877 patent"), on its face, lists its title as "Transmitting Sports and Entertainment Data to Wireless Hand Held Devices Over a Telecommunications Network," and purports to have been issued on November 2, 2010. NBAMV admits that what appears to be a copy of the '877 patent is attached as Exhibit D to the

Complaint.  NBAMV denies all other allegations in paragraph 11 of the Complaint, including that the '877 patent was duly and legally issued.

12.    Denied.

13.    Denied.

14.    Denied.

15.    Denied.

16.    NBAMV lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and therefore denies each and every allegation contained therein.

## A. INFRINGEMENT BY MLB DEFENDANTS

17.    NBAMV lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and therefore denies each and every allegation contained therein.

18.    NBAMV lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and therefore denies each and every allegation contained therein.

19.    NBAMV lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and therefore denies each and every allegation contained therein.

20.    NBAMV lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and therefore denies each and every allegation contained therein.

21.     NBAMV lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and therefore denies each and every allegation contained therein.

22.     NBAMV lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 22 and therefore denies each and every allegation contained therein.

23.     NBAMV lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 23 and therefore denies each and every allegation contained therein.

24.     NBAMV lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and therefore denies each and every allegation contained therein.

25.     NBAMV lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 25 and therefore denies each and every allegation contained therein.

26.     NBAMV lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and therefore denies each and every allegation contained therein.

27.     NBAMV lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and therefore denies each and every allegation contained therein.

28.     NBAMV lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and therefore denies each and every allegation contained therein.

29.     NBAMV lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and therefore denies each and every allegation contained therein.

30.     NBAMV lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and therefore denies each and every allegation contained therein.

31.     NBAMV lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and therefore denies each and every allegation contained therein.

32.     NBAMV lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 32 and therefore denies each and every allegation contained therein.

33.     NBAMV lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 33 and therefore denies each and every allegation contained therein.

34.     NBAMV lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 34 and therefore denies each and every allegation contained therein.

35.     NBAMV lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 35 and therefore denies each and every allegation contained therein.

36.     NBAMV lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 36 and therefore denies each and every allegation contained therein.

37.     NBAMV lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 37 and therefore denies each and every allegation contained therein.

38.     NBAMV lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 38 and therefore denies each and every allegation contained therein.

39.     NBAMV lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 39 and therefore denies each and every allegation contained therein.

40.     NBAMV lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 40 and therefore denies each and every allegation contained therein.

41.     NBAMV lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 41 and therefore denies each and every allegation contained therein.

42.     NBAMV lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 42 and therefore denies each and every allegation contained therein.

**B. INFRINGEMENT BY NBA DEFENDANT**

43.     Denied.

44.     NBAMV admits that it has sold and continues to sell its NBA League Pass Mobile application.  NBAMV denies all other allegations in paragraph 44 of the Complaint.

45.     NBAMV admits that it has sold and continues to sell its NBA League Pass Mobile application.  NBAMV denies all other allegations in paragraph 45 of the Complaint.

46.     NBAMV admits that it has sold and continues to sell its NBA League Pass Mobile application.  NBAMV denies all other allegations in paragraph 46 of the Complaint.

47.     Denied.

48.     Denied.

49.     NBAMV admits that it has sold and continues to sell its NBA League Pass Mobile application.  NBAMV denies all other allegations in paragraph 49 of the Complaint.

50.     NBAMV admits that it has sold and continues to sell its NBA League Pass Mobile application.  NBAMV denies all other allegations in paragraph 50 of the Complaint.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

**IV.  PRAYER FOR RELIEF**

To the extent a response is necessary, NBAMV denies that it has infringed and/or induced or contributed to the infringement of the patents-in-suit, literally or by equivalents,

willfully or otherwise, and NBAMV denies that Front Row is entitled to any of the relief it requests in paragraphs (a)–(m) of its PRAYER FOR RELIEF..

## V. JURY TRIAL

This averment does not require a response.

## VI. DEFENSES

NBAMV reserves the right to assert any other defenses that its ongoing fact investigation or discovery may reveal.

### FIRST ADDITIONAL DEFENSE

#### (Non-Infringement)

55.    NBAMV does not and has not infringed any valid and enforceable claim of the '426 patent or the '388 patent, whether directly or indirectly, by inducement or contributory infringement, literally or under the doctrine of equivalents.

### SECOND ADDITIONAL DEFENSE

#### (Invalidity)

56.    One or more claims of the '426 patent and the '388 patent are invalid for failure to comply with one or more requirements for patentability under Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD ADDITIONAL DEFENSE

#### (Prosecution History Estoppel)

57.    The doctrine of prosecution history estoppel precludes a finding of infringement of any valid and enforceable claim of the '426 patent and the '388 patent, either literally or under the doctrine of equivalents, either directly, indirectly, contributorily, or by inducement.

## FOURTH ADDITIONAL DEFENSE

### (Injunctive Relief Unavailable)

58.     Front Row's request for injunctive relief is barred because Front Row has an adequate remedy at law for any damages resulting from the actions alleged in the Complaint.

## FIFTH ADDITIONAL DEFENSE

### (Damages Limited)

59.     On information and belief, some or all of Front Row's claims for damages are statutorily in whole or in part, based on 35 U.S.C. § 286 and/or § 287.

## SIXTH ADDITIONAL DEFENSE

### (Costs Unavailable)

60.     On information and belief, Front Row is precluded from seeking recovery of its costs under the provisions of 35 U.S.C. § 288.

## SEVENTH ADDITIONAL DEFENSE

### (Prosecution Laches)

61.     On information and belief, Front Row's claims of patent infringement against NBAMV are barred in whole or in part by the doctrine of prosecution laches.

## EIGHT ADDITIONAL DEFENSE

### (Laches)

62.     On information and belief, some or all of Front Row's claims are barred, in whole or in part, by the equitable doctrine of laches.

## VII.  COUNTERCLAIMS

Without admitting any of the allegations of the Complaint other than those expressly admitted herein, and without prejudice to the NBAMV's right to plead additional counterclaims

as the facts of the matter warrant, NBAMV hereby asserts the following counterclaims against Front Row:

## PARTIES

63.    Counterclaimant NBA Media Ventures, LLC ("NBAMV") is a Delaware limited liability company with a principal place of business at 450 Harmon Meadow Boulevard, Secaucus, NJ 07094.

64.    On information and belief, counterclaim Defendant Front Row Technologies LLC's ("Front Row") claims to be a limited liability company existing under the laws of New Mexico with its principal place of business located at 117 Bryn Mawr Drive SE, Albuquerque, NM 87106.

## JURISDICTION AND VENUE

65.    By filing of this suit, Front Row has consented to the personal jurisdiction of this Court.

66.    In view of the filing by Front Row of this suit and NBAMV's defenses, there exists an actual and justiciable controversy between the parties regarding the validity, enforceability, and alleged infringement of the '426 patent and the '388 patent by NBAMV.

67.    Subject matter jurisdiction is proper under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, concerning actions related to patents, and 28 U.S.C. §§ 1331 and 1338.

68.    Venue is proper in this Court under 28 U.S.C. § 1391(c) and § 1400(b).

## COUNT ONE – DECLARATORY RELIEF REGARDING INVALIDITY

69.    NBAMV incorporates by reference paragraphs 63–68 above as though fully repeated here.

70.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, NBAMV requests a declaration from the Court that each of the claims of the '426 patent and the '388 patent are invalid for failure to meet one or more provisions of the United States patent laws, 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

## COUNT TWO – DECLARATORY RELIEF REGARDING NON-INFRINGEMENT

71.     NBAMV incorporates by reference paragraphs 63–70 above as though fully repeated here.

72.     Under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, NBAMV requests a declaration from the Court that NBAMV does not and has not infringed any valid and enforceable claim of the '426 patent or the '388 patent, either literally or under the doctrine of equivalents, either directly, indirectly, contributorily, or by inducement.

## EXCEPTIONAL CASE

73.     To the extent this is an exceptional case under 35 U.S.C. § 285, NBAMV is entitled to recover its attorneys' fees and costs incurred in connection with this action.

## PRAYER FOR RELIEF

Wherefore, NBAMV respectfully requests that the Court grant it the following relief:

(a)     The Complaint against NBAMV be dismissed in its entirety, with prejudice and costs, and that a take-nothing judgment be entered against Front Row and in favor of NBAMV;

(b)     Judgment be entered in favor of NBAMV declaring that each of the claims of the '426 patent and the '388 patent is invalid;

(c)     Judgment be entered in favor of NBAMV declaring that NBAMV has not infringed any claim of the '426 patent and the '388 patent either literally or under

the doctrine of equivalents, either directly, indirectly, contributorily, or by inducement;

(d)     Judgment be entered in favor of NBAMV and against Front Row that this is an exceptional case under 35 U.S.C. § 285 and awarding NBAMV its attorneys' fees and costs; and

(e)     Such other and further relief in favor of NBAMV as this Court deems just and appropriate.

Dated:  January 6, 2011                      Respectfully submitted,

                                             /s/ David B. Weaver
                                             _____
                                             David B. Weaver
                                             New Mexico Bar No. 8061
                                             VINSON & ELKINS L.L.P.
                                             2801 Via Fortuna, Suite 100
                                             Austin, Texas 78746-7568
                                             Tel: (512) 542-8400
                                             Fax: (512) 236-3218
                                             dweaver@velaw.com
                                             *Counsel for NBA Media Ventures, LLC.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2011, I electronically filed the foregoing document with the U.S. District Court, District of New Mexico using the CM/ECF system, which sent notification of such filing to all counsel of record who have registered with the CM/ECF system.

                                        */s/ David B. Weaver*

                                        David Weaver