UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| FRONT ROW TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **Case No. 1:10-cv-00433-JB-RLP** |
| MAJOR LEAGUE BASEBALL | ) | |
| PROPERTIES, INC., | ) | |
| MLB ADVANCED MEDIA, L.P., and | ) | |
| NBA MEDIA VENTURES, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**MLB DEFENDANTS' MOTION TO DISMISS FRONT ROW'S
THIRD AMENDED COMPLAINT (DKT. NO. 44)**

**TABLE OF CONTENTS**

I.      SUMMARY OF ARGUMENT ................................................................................1

II.     PARTIES TO THE SUIT AND RELEVANT COMPLAINT...........................................3

III.    FRONT ROW'S COMPLAINT FOR PATENT INFRINGEMENT SHOULD BE
        DISMISSED FOR FAILURE TO STATE A CLAIM. ......................................................5
        A.      Front Row's Claims Cannot Survive the Heightened Level of Scrutiny
                Required by *Twombly* and *Iqbal*. ...........................................................5
        B.      Front Row's Direct Infringement Allegations Are Insufficiently Stated and
                Fail to Meet the Pleading Requirements of *Twombly* and *Iqbal*...........................8
        C.      Front Row's Direct Infringement Allegations Are Implausible on Their
                Face and Fail to Meet the Pleading Requirements of *Twombly* and *Iqbal*...........11
        D.      Front Row's Indirect Infringement Allegations Are Insufficiently Stated
                and Fail to Meet the Pleading Requirements of *Twombly* and *Iqbal*. ...................14

IV.     CONCLUSION ...............................................................................................18

Defendants MLB Advanced Media, L.P. and Major League Baseball Properties, Inc. (collectively, "MLB Defendants") hereby move to dismiss the claims asserted against MLB Defendants in the Third Amended Complaint (the "Complaint," Dkt. No. 44) by the plaintiff, Front Row Technologies, LLC ("Front Row"), for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Pursuant to D.N.M. LR-Civ.7.1(a), the MLB Defendants conferred with Front Row and Front Row opposes the present motion.

## I.    SUMMARY OF ARGUMENT

Complaints must include sufficient factual content to "state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists if the facts alleged allow a court to make a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). As the Supreme Court held in *Iqbal*, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Conclusory allegations are insufficient for the purpose of determining whether each element of a cause of action is well pled. *Twombly*, 550 U.S. at 555. Because Front Row's Complaint is merely a collection of conclusory allegations, parroting the legal standards and the claims of the patents-in-suit with no information about how the MLB defendants allegedly infringe, its claims cannot survive. Moreover, Front Row's conclusory allegations that the MLB Defendants' software application infringes the patents-in-suit are facially implausible when one applies common sense.

Front Row, a company founded by two patent lawyers that apparently exists to do nothing other than sue for patent infringement, purports to allege that the MLB Defendants have

both directly and indirectly[1] infringed three Front Row patents. Patent infringement requires a comparison of the claims of the patent with the accused infringing device or process.[2] As such, when considering whether a patentee has properly alleged a "plausible" claim of patent infringement, it is necessary to consider the claims of the asserted patents and the specific products or activities identified in the complaint. Front Row's direct infringement allegations provide no factual content to allow the Court to draw any reasonable inference that the MLB Defendants are liable for any alleged infringement. Instead, they consist entirely of legal conclusions couched as factual allegations, much like allegations other courts have already rejected. As directed by *Twombly* and *Iqbal*, these bald conclusory allegations are not entitled to the assumption of truth and have no bearing on whether Front Row's Complaint properly states a claim of patent infringement.

Indeed, the only specifically accused product found in Front Row's Complaint is a software application — the "AT BAT MOBILE application." But the claims of the asserted patents require features that could not possibly be met by a software application. For example, some claims of the asserted patents require the product to have a server and video camera, and to provide a handheld device. It defies common sense to suggest that a software application contains such required elements. A software application is not a "server and video cameras."

---

[1] Though addressed in more detail below, "direct" infringement refers to recovery under 35 U.S.C. § 271(a) and "indirect" infringement refers collectively to recovery for both induced and contributory infringement pursuant to 35 U.S.C. § 271(b)-(c).

[2] A patent "shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." 35 U.S.C. § 112, ¶ 2.

Nor can a software application provide "a hand held device."  And because Front Row does not — and cannot — provide any factual basis to support any contrary conclusion, Front Row's direct infringement allegations are not plausible on their face and do not state a proper cause of action for patent infringement.

Front Row's bare allegations of induced and contributory patent infringement, similar to those already rejected by other courts, fare no better.  For both induced and contributory infringement, a defendant must have induced or contributed to direct infringement by a third party.  Not only are there no allegations that MLB Defendants induced or contributed to patent infringement *of another*, no third party appears anywhere in Front Row's allegations against the MLB Defendants.  Further, as detailed below, additional required elements of induced and contributory infringement (e.g., knowledge of the patent allegedly infringed) are also nowhere to be found in Front Row's Complaint.  As such, even assuming Front Row's factual allegations to be true, there is no basis for relief.

In the face of such facially inadequate assertions of infringement, the MLB Defendants respectfully request that this Court "insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed."  *Twombly*, 550 U.S. at 558.  Front Row has not properly stated a claim of direct or indirect patent infringement of the '549, '388, '426, and '877 Patents against the MLB Defendants, and cannot in good faith do so.   Dismissal is appropriate.

## II.    <u>PARTIES TO THE SUIT AND RELEVANT COMPLAINT</u>

Front Row was founded in 2000 by two patent attorneys, Luis Ortiz and Kermit Lopez. Based on their website, Front Row's only assets appear to be its patents, with its only revenue

apparently generated by asserting those patents against others, and/or licensing them to others in connection with such suits.[3]  Front Row does not appear to engage in any other business activities.  Front Row has previously asserted two of the patents-in-suit against other defendants in the Eastern District of Texas, which is a favorite forum of non-practicing entities (i.e., entities that do not actually practice their inventions, but rather exist to litigate and license patents).

MLB Advanced Media, L.P., is the interactive media and internet company of Major League Baseball.  MLB Advanced Media, L.P., operates the official league website of Major League Baseball, www.mlb.com, and the official websites of each of the 30 individual Major League Baseball clubs (e.g., www.milwaukeebrewers.com, www.kansascityroyals.com).  Major League Baseball Properties, Inc. has certain rights to license, protect, and enforce the names, logos, uniform designs and other property rights owned by it, the Major League Baseball clubs, and related entities.

On May 5, 2010, Front Row filed the underlying action accusing MLB Defendants of infringing U.S. Patent Nos. 7,620,426 (the "'426 Patent"), 7,376,388 (the "'388 Patent"), and 7,149,549 (the "'549 Patent").  (*See* Dkt. No. 1.)  Front Row's initial complaint contains no mention of MLB Defendants' purportedly infringing product.  (*Id.*)  On May 6, 2010, Front Row filed an Amended Complaint accusing MLB Defendants' "AT BAT application" of infringing the patents-in-suit.  (*See* Dkt. No. 9.)  On July 19, 2010, Front Row filed a Second Amended Complaint.  (*See* Dkt. No. 21.)  This Complaint added NBA Media Ventures, LLC as a defendant and changed MLB Defendants' only accused product to the "AT BAT MOBILE

---

[3] *See* Front Row IP Holdings, http://frontrowip.com/mainmenu.html (last visited Jan. 5, 2011).

application."  (*Id.*)  No additional factual detail relating to MLB Defendants' purported infringement was included in this Complaint.  On November 29, 2010, Front Row moved for leave to file another amended complaint.  (*See* Dkt. No. 41.)  As a result, on December 13, 2010, Front Row filed a Third Amended Complaint.  (*See* Dkt. No. 44.)  The Third Amended Complaint adds a fourth patent, U.S. Patent No. 7,826,877 (the "'877 Patent"), to Front Row's allegations of patent infringement.  (*Id.* ¶ 11.)  This is the operative complaint.

## III.    FRONT ROW'S COMPLAINT FOR PATENT INFRINGEMENT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

### A.    Front Row's Claims Cannot Survive the Heightened Level of Scrutiny Required by *Twombly* and *Iqbal*.

A complainant is required to plead with sufficient factual detail to demonstrate its entitlement to the relief it seeks.  Fed. R. Civ. P. 8(a)(2).  Rule 12(b)(6) "allow[s] a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."  *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  If the facts alleged in the complaint are insufficient to make a valid claim, a 12(b)(6) dismissal is warranted.  *Bixler v. Foster*, 596 F.3d 751, 757-61 (10th Cir. 2010).

In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court provided detailed guidance concerning the sufficiency of pleadings.  In *Twombly*, the Supreme Court analyzed the requirements of Fed. R. Civ. P. 8(a)(2) in the context of a Rule 12(b)(6) motion to dismiss.  The *Twombly* Court held that to meet Rule 8(a)(2)'s "short and plain statement of the claim" requirement, more is required than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555.  Stated differently, a complaint must "raise a right to relief above the speculative level"

and must "state a claim to relief that is plausible on its face." *Id.* at 555, 570. Further, in assessing whether a complaint survives a motion to dismiss, a court need not "'accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). *See also Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994) (holding that the federal courts "are not bound by conclusory allegations, unwarranted inferences, or legal conclusions" in a complaint).

The *Iqbal* Court provided further guidance, clarifying that Rule 8(a)(2) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. It also explained the two principles underlying the decision in *Twombly*. *Id.* First, courts are not bound to accept a legal conclusion as true simply because it is couched as a factual allegation, observing that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949-50. Second, a complaint can only survive if it states a "plausible claim for relief." Thus, "where the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 1950. Determining whether a complaint states a plausible claim for relief is therefore "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Thus, in *Twombly* and *Iqbal*, the Supreme Court made clear that more scrutiny must be given to pleadings, and that a "formulaic recitation of the elements of a cause of action" is not sufficient to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. *Twombly* and *Iqbal* unquestionably require concrete factual allegations at the pleading stage that support the elements of a claim. These requirements serve to "'give the defendant fair notice of what the . . .

claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)).

Patent infringement claims are not immune from the pleading requirements or from the heightened level of scrutiny described in *Twombly* and *Iqbal*. Courts regularly dismiss conclusory or otherwise insufficient patent infringement allegations. *See, e.g., Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531 RS, 2009 U.S. Dist. LEXIS 83715, at *4-5 (N.D. Cal. Sept. 14, 2009) (dismissing claims that alleged that an accused infringer was "directly and/or indirectly infringing . . . 'through its design, marketing, manufacture and/or sale of touch sensitive input devices or touchpads, including but not limited to the Smart-Pad'"); *Desenberg v. Google*, *Inc.*, No. 08-cv-10121 (GDP) (AJP), 2009 U.S. Dist. LEXIS 66122, at *1 (S.D.N.Y. July 30, 2009) (dismissing patent infringement claim that alleged the accused infringer's "AdWords" system "directly and indirectly" infringed the asserted patent); *Anticancer, Inc. v. Xenogen Corp.*, 248 F.R.D. 278 (S.D. Cal. 2007) (dismissing patent infringement cause of action pursuant to Rule 12(b)(6) because plaintiff's bare statements that defendants infringed plaintiff's patents were not sufficient to state a claim); *Shearing v. Optical Radiation Corp.*, 30 U.S.P.Q.2d 1878 (D. Nev. 1994) (dismissing direct and indirect patent infringement claims pursuant to Rule 12(b)(6) because the facts pled did not result in a legally cognizable cause of action); *Catapano v. Wyeth Ayerst Pharms., Inc.*, 88 F. Supp. 2d 27 (E.D.N.Y. 2000) (granting defendants' motion to dismiss pursuant to Rule 12(b)(6) because complaint, even if true, did not meet the required elements of a patent infringement claim). Where, as in this case, patent infringement allegations are conclusory and insufficient, they must be dismissed.

**B.     Front Row's Direct Infringement Allegations Are Insufficiently Stated and Fail to Meet the Pleading Requirements of *Twombly* and *Iqbal*.**

Front Row has not stated a claim for patent infringement. Its allegations are conclusory lists of legal elements, with virtually no information about how the defendants' activities or products meet those elements. As such, they run afoul of *Twombly* and *Iqbal* and should be dismissed under Rule 12(b)(6).

Patent infringement liability is defined by 35 U.S.C. § 271. Liability for a violation of § 271(a) is commonly called "direct infringement." *See Joy Techs., Inc. v. Flakt, Inc.,* 6 F.3d 770, 774 (Fed. Cir. 1993).[4] Direct infringement occurs when a person:

> without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent

35 U.S.C. § 271(a).

To determine what the patented invention is, courts must look to the patent's claims. If a patent is analogized to real property, these claims correspond to the boundary recited in the deed, and define the metes and bounds of the patent protection. *Wiener*, 102 F.3d at 539 (The "language" of these claims define "the bounds of the patentee's exclusive rights.") Accordingly, to prove the tort of patent infringement, the patentee must show that the accused devices or processes include each and every limitation of the asserted patent claims. *Id.*

---

[4] The law of the Federal Circuit is controlling on issues of substantive patent law. *See Flex-Foot, Inc. v. CRP, Inc.*, 238 F.3d 1362, 1365 (Fed. Cir. 2001) (applying Federal Circuit law to substantive and procedural issues where the issue "'pertains to or is unique to patent law'") (quoting *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855-56 (Fed. Cir. 1999)).

Front Row has not stated, and cannot state, a proper claim for direct infringement. Parroting § 271(a) for each of the four patents asserted,  Front Row asserts MLB Defendants infringe its patents by "making, using, offering for sale, selling and/or importing" the "AT BAT MOBILE application" – a software application – "which can be implemented on several different types of hand held devices."  (Third Am. Compl. ¶¶ 17, 22, 26, 34.)  Rather than providing any substance to its allegations or pointing to any factual support, Front Row merely copies and pastes limitations from the patents it alleges were infringed.  (*See, e.g.*, *id.* ¶¶ 18-20, 23-24, 27-32, 35-38.)  To illustrate this, the following chart compares  Front Row's allegations about what the "AT BAT MOBILE application" "practices" with what the '426 Patent[5] claims:

| Allegation | Patent Claim Element From Which Allegation is Copied |
|---|---|
| "a server and video cameras located at a live entertainment venue" (Third Am. Compl. at ¶ 18.) | "a server and video cameras located at a live entertainment venue" ('426 Patent, Claim 1.) |
| "hand held device including a motion video display and a cellular communications network receiver" (Third Am. Compl. at ¶ 18.) | "hand held device including a motion video display and a cellular communications network receiver" ('426 Patent, Claim 1.) |
| "hand held device including a cellular communications receiver which wirelessly receives data containing at least one video stream conveying video of live action captured by video cameras located at a live entertainment event venue" (Third Am. Compl. at ¶ 19.) | "hand held device including a cellular communications receiver which wirelessly receives data containing at least one video stream conveying video of live action captured by video cameras located at a live entertainment event venue" ('426 Patent, Claim 13.) |
| "a motion video display associated and integrated with said hand held device" (Third Am. Compl. at ¶ 19.) | "a motion video display associated and integrated with said hand held device" ('426 Patent, Claim 13.) |

---

[5] As further examples, *see* Third Am. Compl. at ¶¶ 23-24 (e.g., '388 Patent Claims 1, 5, and 8), ¶¶ 27-32 (e.g., '549 Patent Claims 1, 14, 16, 18, 30, and 31), and ¶¶ 35-38 (e.g., '877 Patent Claims 1, 15, 24, and 39).

| Allegation | Patent Claim Element From Which Allegation is Copied |
|---|---|
| "capturing video including moving images of action occurring at the live venue event held at a venue using video cameras located throughout a live entertainment venue and providing said video to a server located at said venue" (Third Am. Compl. at ¶ 20.) | "capturing video including moving images of action occurring at the live venue event held at a venue using video cameras located throughout a live entertainment venue and providing said video to a server located at said venue" ('426 Patent, Claim 19.) |
| "providing a hand held device including a cellular communication receiver and a motion video display to wirelessly receive said video and recorded data for display on said motion video display" (Third Am. Compl. at ¶ 20.) | "providing a hand held device including a cellular communication receiver and a motion video display to wirelessly receive said video and recorded data for display on said motion video display" ('426 Patent, Claim 19.) |

Front Row's "'naked assertions' devoid of 'further factual enhancement'" are insufficient to survive a 12(b)(6) motion to dismiss. *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Indeed, in *Elan Microelectronics Corp. v. Apple, Inc.*, the court addressed virtually the same kind of allegations as those contained in Front Row's Complaint. 2009 U.S. Dist. LEXIS 83715. Much like this case, the patentee's direct infringement allegations consisted of a conclusory statement that there was direct infringement along with identification of an allegedly infringing product. Specifically, the *Elan* patentee baldly asserted that the accused infringer "has been and is currently, directly and/or indirectly infringing . . . through its design, marketing, manufacture and/or sale of touch sensitive input devices or touchpads, including but not limited to the Smart-Pad." *Id.* at *4-5. Because these allegations "plainly [fell] within [*Iqbal's*] prohibition against 'threadbare recitals of the elements of the cause of action, supported by mere conclusory statements,'" the *Elan* court dismissed patentee's direct infringement claims. *Id.* at *5 (citing *Iqbal*, 129 S. Ct. at 1949). As in *Elan*, dismissal of Front Row's Complaint is warranted here.

**C.      Front Row's Direct Infringement Allegations Are Implausible on Their Face
and Fail to Meet the Pleading Requirements of *Twombly* and *Iqbal*.**

Front Row has taken the additional step of copying and pasting patent claim limitations
into its Complaint – making the Complaint, at first blush, appear more substantive.  But as the
chart above reflects, no more factual detail about the allegations against the MLB Defendants is
really provided.   The Complaint is lacking any allegations that are specific to the alleged
infringement, including any facts that support a reasonable inference that the MLB Defendants
have actually infringed the patents-in-suit.  As held by *Iqbal*, legal conclusions "are not entitled
to the assumption of truth."  *Iqbal*, 129 S. Ct. at 1950.  Front Row's bare recitation of the claim
elements of the patents-in-suit are legal conclusions that the court is not bound to accept as true.
*Id.*   However, even if these allegations as stated were assumed to be true,  Front Row's
Complaint does not "state a claim to relief that is plausible on its face."  *Id.* at 1949.

A claim has "facial plausibility when the plaintiff pleads factual content that allows the
court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
*Id.*  As part of its Complaint, Front Row lists the following claim elements of the patents-in-suit:

> "server and video cameras…" (*See* Third Am. Compl. at ¶ 18.)
>
> "hand held device…" (*Id.*)
>
> "a motion video display…" (*Id.* ¶ 19.)
>
> "capturing video including moving images of action occurring at the live venue
> event held at a venue using video cameras…" (*Id.* ¶ 20.)
>
> "providing a hand held device…"  (*Id.*)
>
> "providing an entertainment venue…" (*Id.* ¶ 23.)
>
> "authorized wireless hand held devices…" (*Id.* ¶ 24.)
>
> "wirelessly receiving data at a hand held device…" (*Id.* ¶ 27.)

11

"at least one receiver adapted for simultaneously receiving more than one video perspective…" (*Id.* ¶ 30.)

"a receiver adapted for wirelessly receiving data at a wireless hand held device…" (*Id.* ¶ 31.)

"acquiring venue-based data including video…" (*Id.* ¶ 35.)

"wirelessly transmitting said venue-based data from said at least one server to at least one hand held device authorized to receive said venue-based data through a wireless telecommunications network…" (*Id.*)

But Front Row does not allege facts sufficient to show how the MLB Defendants use, make, sell, or offer to sell products that are, among other things, a "server," "video camera," "hand held device," "a receiver," "motion video display," or "entertainment venue." In addition, Front Row does not allege facts sufficient to show how the MLB Defendants "provide a hand held device," "provide an entertainment venue," "capture video," "wirelessly receive data," "wirelessly transmit data," or "acquire venue-based data." Indeed, the only product of the MLB Defendants identified as infringing is the "AT BAT MOBILE application," a software application "which can be implemented on several different types of hand held devices." (Third Am. Compl. at ¶ 17.) The fact that software is not, for example, a video camera, is determinable as a matter of the Court's judicial experience and common sense, as described in *Twombly* and *Iqbal.*

The recent *Desenberg* decision is instructive here. 2009 U.S. Dist. LEXIS 66122. In that case, the patentee pled direct infringement against one accused infringer. *Id.* at *1. The accused infringer, Google, moved to dismiss on the grounds that the patentee failed to properly allege direct infringement. *Id.* Google argued that the complaint should be dismissed because the structure of the asserted claims required infringing parties in addition to Google and the

12

patentee's allegations regarding other infringing products or parties fell short of the specificity required under *Twombly* and *Iqbal*. *Id.* at \*15.

The Court reviewed the asserted patent's claims and agreed that, based on the structure of the claims, more factual detail was required regarding the patentee's allegations of direct infringement. *Id.* at \*18-19 ("Desenberg's patent, as structured in the elements or steps comprising the patent's first claim (the only independent claim), clearly require the participation of multiple parties.") Based on the patentee's failure to allege facts regarding other products or parties that perform the required elements of the asserted patent claims, the district court dismissed patentee's complaint because it did not meet the *Twombly-Iqbal* "plausibility" standard. *Id.*[6] at \*24. The Federal Circuit affirmed the district court's dismissal in a non-precedential decision. *See Desenberg v. Google, Inc.*, No. 2010-1212, 2010 U.S. App. LEXIS 18317, at \*8 (Fed. Cir. Aug. 31, 2010).

Here, as in *Desenberg*, absent other factual allegations about the MLB Defendants' activities or the accused product (and there are none), there is no basis on which to "infer more than the mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1950. Front Row has not and cannot plausibly allege that provision of the accused software application by the named MLB Defendants includes provision of a "server," "video camera," "hand held device," "motion video display," or an "entertainment venue" as required by the asserted Front Row patents. Thus, no "reasonable inference" can be drawn from Front Row's allegations that any of the MLB

---

[6] Although the cited *Desenberg* opinion is only a Report & Recommendation, Judge Daniels adopted Magistrate Peck's Report & Recommendation in its entirety and dismissed patentee's Complaint. *See* S.D.N.Y. Case No. 1:08-cv-10121-GBD at Dkt. No. 55.

Defendants infringe any of the patents-in-suit.  *See Wiener*, 102 F.3d at 539 (holding that to prove the tort of patent infringement, the patentee must show that the accused devices or processes include each and every limitation of the asserted patent claims).  As such, Front Row's direct infringement allegations fall well short of the pleading requirements of the Federal Rules and should be dismissed.[7]

### D. Front Row's Indirect Infringement Allegations Are Insufficiently Stated and Fail to Meet the Pleading Requirements of *Twombly* and *Iqbal*.

Front Row also fails to sufficiently allege claims for inducement under § 271(b) or contributory infringement under § 271(c).  Front Row's Complaint does not — and cannot — adequately identify (a) a direct infringement; (b) a single third party whom MLB Defendants purportedly induced to infringe or to whose infringement MLB Defendants purportedly contributed; or (c) the requisite intent and / or knowledge of the infringed patent.  The only allegations of indirect infringement made by Front Row relative to MLB Defendants are bare legal conclusions – the same kind of bare legal conclusions other courts have already rejected.  For these reasons, these claims are insufficiently pled and cannot survive.

To prove either induced infringement or contributory infringement, a plaintiff must prove the presence of direct infringement by some party pursuant to § 271(a).  *Id.*  ("Liability for either active inducement of infringement [under § 271(b)] or for contributory infringement [under § 271(c)] is dependent upon the existence of direct infringement [under § 271(a)].");  *Standard*

---

[7] The discussed insufficiencies of Front Row's allegations are not limited to the above examples.  In fact, all claims of the patents-in-suit suffer from the same or similar fundamental inadequacies.  As such, consistent with *Iqbal* and *Twombly*, Front Row's direct infringement claims should be dismissed.

*Havens Prods., Inc. v. Gencor Indus., Inc.*, 953 F.2d 1360, 1374 (Fed. Cir. 1991) ("Further, there can be no inducement of infringement or contributory infringement under 35 U.S.C. § 271(b), (c) in the absence of direct infringement.").  Therefore, under *any* theory of patent infringement, Front Row's Complaint must allege facts that constitute direct infringement by some party pursuant to 35 U.S.C. § 271(a).

In addition, to be liable for ***inducing*** another's direct infringement pursuant to 35 U.S.C. § 271(b), the indirect infringer must *intentionally* aid and abet that direct infringement *with knowledge of the patent.  See DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006).  As stated in *DSU*:

> In order to induce infringement, there must first be an act of direct infringement and proof that the defendant knowingly induced infringement with the intent to encourage the infringement.  The defendant must have intended to cause the acts that constitute the direct infringement and must have known or should have known [that] its action would cause the direct infringement.

*Id*.

Similarly, to be liable for ***contributing*** to another's infringement pursuant to 35 U.S.C. § 271(c), the indirect infringer must have offered to sell or sold a "component of a patented machine . . . constituting a material part of the invention, *knowing* the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non infringing use. . . ."  35 U.S.C. § 271(c) (emphasis supplied).

Front Row does not meaningfully allege any of these required legal elements.  Instead, Front Row's indirect infringement allegations against MLB Defendants merely parrot the patent statutes, and point to one software product.  Front Row provides no information about how any

15

indirect infringement occurred or who was involved in that infringement.  Instead, its indirect

infringement allegations are limited to the following:

> 21.    MLB Defendants have been and are continuing to induce infringement of
> the '426 patent under 35 U.S.C. § 271(b) and contribute to infringement of the
> '426 patent under 35 U.S.C. § 271(c), in conjunction with such acts of making,
> using, offering for sale, selling, and/or importing in or into the United States,
> without authority, instrumentalities that practice one or more claims of the '426
> patent, including but not limited to MLB Defendants' AT BAT MOBILE
> application.  The infringing instrumentalities have no substantial non-infringing
> uses.[8]

(Third Am. Compl. at ¶ 21.)  These bare allegations do not provide the specificity required to

survive a 12(b)(6) motion to dismiss.  These are precisely the "formulaic recitation[s] of the

elements of a cause of action" rejected by *Twombly.*  550 U.S. at 555.

This case is analogous to *Elan Microelectronics Corp. v. Apple, Inc.*, 2009 U.S. Dist.

LEXIS 83715.  There, the plaintiff asserted only that the accused infringer "has been and is

currently, directly and/or indirectly infringing…through its design, marketing, manufacture

and/or sale of touch sensitive input devices or touchpads, including but not limited to the Smart-

Pad."  *Id.* at *4-5.  The Court dismissed the indirect infringement claims, holding that the failure

to plead the required elements of indirect infringement fell well short of the requirements of

*Iqbal* and *Twombly. Id.* at *5.

Front Row's indirect infringement allegations are nearly identical to those found deficient

in *Elan.*  The *Elan* plaintiff's allegations consisted of a conclusory statement that there was an

indirect infringement and the identification of an alleged infringing device.  Front Row has

---

[8] This same allegation is repeated for the '388, '549 and '877 patents in paragraphs 25, 33
and 39, respectively.

alleged nothing more.  Accordingly, the same result is appropriate here.  *See also Mallinckrodt,*
*Inc. v. E-Z-Em, Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009) (granting motion to dismiss
because plaintiff failed to properly allege the required elements of induced and contributory
infringement); *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 695 F. Supp.
2d 680, 685 (S.D. Ohio 2010) (dismissing indirect infringement claims because the "allegations .
. . measured against the elements . . . [were] insufficient under *Twombly* and *Iqbal* to plausibly
state a claim").

Similar to the plaintiffs in *Elan*, *Mallinckrodt*, and *Bill of Lading* — all of whom had
their complaints dismissed — Front Row has not pled anything regarding:

- Any other party that performs the required direct infringement;

- Any acts by MLB Defendants that induced or encouraged infringement by
  another party;

- Any facts from which it could be inferred that MLB Defendants had
  knowledge of the asserted patents.

- Any facts from which it could be inferred that MLB Defendants had a specific
  intent to induce or encourage infringement by another party;

- The identity of the component sold by MLB Defendants that is a material part
  of another party's accused product; and

- Any facts from which it could be inferred that any such sold component was
  especially made or adapted for the accused infringing use, or that MLB
  Defendants knew that the combination for which such sold component was
  especially made was both patented and infringing.

Front Row's only allegations are legal conclusions, which this Court need not be accept
as true.  *Twombly* 550 U.S. at 555; *Hackford*, 14 F.3d at 1465.  As such, Front Row has failed to
plead required elements of its induced and contributory infringement claims.  Dismissal of a
claim is proper if a complaint fails to plead a required element.  *Bixler*, 596 F.3d at 757-61

(dismissing RICO claims where plaintiff did not plead the required elements of a legally cognizable claim). Thus, Front Row's indirect infringement claims should be dismissed.

## IV.     <u>CONCLUSION</u>

Front Row's Complaint is devoid of any meaningful factual allegations. Its entire Complaint is little more than a recitation of the patent law and the claims of its patents. Those are pure legal conclusions. Further, a common sense comparison of the accused product and the exemplary claim elements listed in Front Row's Complaint clearly demonstrate that Front Row's claims for direct infringement are not plausible on their face. And its indirect infringement claims are likewise woefully inadequate — lacking any allegations regarding required elements of an indirect infringement claim. Front Row's allegations must — at a minimum — meet the pleading requirements of the Federal Rules as interpreted by *Iqbal* and *Twombly*. Because Front Row has not properly stated a claim of direct or indirect patent infringement of the '549, '388, '426, and '877 Patents against the MLB Defendants, and cannot in good faith do so, this Court should dismiss Front Row's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Front Row, now in its Third Amended Complaint (Dkt. No. 44), has once again failed to state a claim against the MLB Defendants. The MLB Defendants therefore respectfully request that the Court dismiss all claims asserted against them in their entirety.

Respectfully submitted,

Dated: January 6, 2011

_/s/ Emil J. Kiehne_
Attorneys for Defendants, MLB Advanced
Media, L.P. and Major League Baseball
Properties, Inc.

FOLEY & LARDNER LLP
Matthew B. Lowrie
111 Huntington Avenue
Suite 2600
Boston, MA 02199-7610
Tel: (617) 342-4006
Fax: (617) 342-4001
mlowrie@foley.com

Cynthia J. Franecki
Kevin J. Malaney
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
Tel: (414) 271-2400
Fax: (414) 297-4900
cfranecki@foley.com
kmalaney@foley.com

Jason J. Keener
321 N. Clark Street
Suite 2800
Chicago, IL 60654-5313
Tel: (312) 832-4500
Fax: (312) 832-4700
jkeener@foley.com

MODRALL, SPERLING, ROEHL, HARRIS &
SISK, P.A.
John R. Cooney
Emil J. Kiehne
500 Fourth Street, N.W., Suite 1000
P.O. Box 2168
Albuquerque, New Mexico 87103
Tel: (505) 848-1800
Fax: (505) 848-1889

19

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I electronically filed the foregoing document with the clerk of court for the United States District Court, District of New Mexico, on January 6, 2011, using the electronic case filing system of the court, and that service has been made on all counsel of record through the Court's e-filing system.


January 6, 2011                              */s/ Emil Kiehne*
Date                                         Emil Kiehne

K:\DOX\CLIENT\84431\0001\W1397935.DOC