IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| FRONT ROW TECHNOLOGIES, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | No. 1:10-cv-00433 JB/RLP |
| § | |
| MAJOR LEAGUE BASEBALL § | |
| PROPERTIES, INC., MLB ADVANCED § | |
| MEDIA, L.P., AND NBA MEDIA § | |
| VENTURES, LLC § | |
| § | |
| Defendants. § | |

**FRONT ROW TECHNOLOGIES, LLC'S RESPONSE TO DEFENDANTS MAJOR LEAGUE BASEBALL PROPERTIES, INC. AND MLB ADVANCED MEDIA, L.P.'S MOTION TO DISMISS FRONT ROW TECHNOLOGIES' THIRD AMENDED COMPLAINT**

Plaintiff Front Row Technologies, LLC ("Front Row Technologies") responds in opposition to Defendants Major League Baseball Properties, Inc. and MLB Advanced Media, L.P. (collectively "the MLB Defendants") Motion to Dismiss Front Row Technologies' Third Amended Complaint ("Motion to Dismiss") and shows as follows:

### I.   Introduction

The MLB Defendants' attempt to dismiss Front Row Technologies' entire lawsuit, including four distinct patents, each with multiple claims representing multiple separate lawsuits is unavailing; the Third Amended Complaint ("Complaint") adequately states claims for both direct and indirect infringement under Federal Rule of Civil Procedure 8(a) and complies with the pleading standards set forth by the Supreme Court in the *Iqbal* and *Twombly* cases.[1] Moreover, Front Row Technologies' Complaint conforms with the requirements of Form 18 of

---

[1] *Ashcrosft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).

the Federal Rules of Civil Procedure, which constitutes sufficient pleading under Federal Rule of Civil Procedure 84.

In addition, the MLB Defendants' Motion to Dismiss prematurely asks this Court to construe the claims of the four asserted patents — which comprise at least 16 independent claims and 106 dependent claims—and find that Front Row Technologies cannot allege any plausible theory of infringement before any discovery and expert disclosures are served in this matter. Indeed, the MLB Defendants' Motion to Dismiss is a thinly veiled attempt to obtain summary judgment on the merits of this multiple patent infringement action at the pleadings stage. Such a proposition is not well founded and is unsupported by law.

Therefore, MLB Defendants' Motion to Dismiss should be denied. In the unlikely event that the Court determines that Front Row Technologies' Complaint is deficient in any respect, Front Row Technologies respectfully requests, in the alternative only, that the Court grant its co-pending motion for leave to amend its Complaint.

## II.     Background

Front Row Technologies is the owner of all right, title, and interest in and under U.S. Patent No. 7,620,426 (the "'426 Patent"), U.S. Patent No. 7,376,388 (the "'388 Patent"), U.S. Patent No. 7,149,549 (the "'549 Patent"), and U.S. Patent No. 7.826,877 (the "'877 Patent") (collectively the "Asserted Patents").[2] On December 13, 2010, Front Row Technologies served its Third Amended Complaint for Patent Infringement and Jury Demand (the "Complaint") against MLB, alleging infringement by the MLB Defendants of the '426 patent, '388 patent, '549 patent, and '877 patent (collectively the "Asserted Patents").[3] The Complaint alleges that MLB directly infringes all the Asserted Patents by:

---

[2] Dkt. No. 44 ¶¶ 8-11.
[3] Dkt. No. 44.

> making, using, offering for sale, selling, and/or importing into the United States, without authority, instrumentalities that practice one or more claims of the [Asserted Patents] in violation of § 271(a), including, but not limited to, MLB Defendants' AT BAT MOBILE application, which can be implemented on several different types of hand held devices.[4]

In addition, the Complaint alleges that the MLB Defendants induce and contribute to the infringement of the Asserted Patents by "making, using, offering for sale, selling, and/or importing in or into the United States, without authority, instrumentalities that practice one or more claims of the [Asserted Patents], including but not limited to MLB Defendants' AT BAT MOBILE application."[5] It also alleges that Front Row Technologies suffered damages "[a]s a direct and proximate result of MLB Defendants' acts of patent infringement," "has no adequate remedy at law," and seeks relief in the form of damages and a preliminary and permanent injunction.[6]

### III. Argument and Authorities

#### A. Legal Standard for Fed. R. Civ. P 12(b) Motions to Dismiss

A motion to dismiss requires that the Court determine, while accepting all facts pled in the Complaint as true and granting all reasonable inferences from the pleadings in favor of Front Row Technologies, whether the Complaint states a cause of action for which relief can be granted. *See Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006). "A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). Thus, the issue is governed by the law of the regional circuit. *Id.* In the 10th Circuit, "a motion to dismiss for failure to state a claim 'is viewed with disfavor, and is

---

[4] Dkt. No. 44 ¶¶ 17, 22, 26, 34.
[5] Dkt. No. 44 ¶¶ 21, 25, 33, 39.
[6] Dkt. No. 44 ¶¶ 40, 41.

rarely granted.'" *Lone Star Industries, Inc. v. Horman Family Trust*, 960 F.2d 917, 920 (10th Cir. 1992).

Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court recently held that Rule 8(a) requires a plaintiff to plead "only enough facts to state a claim for relief that is plausible on its face." 550 U.S. 544, 547 (2007). The Supreme Court affirmed that this statement requires only "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 555 (quotation omitted).

Based on the standard articulated in *Twombly*, the Federal Circuit in *McZeal* held that "[i]t logically follows that a patentee need only plead facts **sufficient to place the alleged infringer on notice** as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) (emphasis added). "Thus, a plaintiff in a patent infringement suit is ***not required to specifically include each element of the claims*** of the asserted patent." *Id.* (emphasis added). The Federal Circuit has repeatedly held that a plaintiff's complaint for direct infringement is legally sufficient under Rule 8(a) if it "alleges ownership of the asserted patent, names each individual defendant, cites the patent that is allegedly infringed, describes the means by which the defendants allegedly infringe, and points to specific sections of the patent law invoked." *Id.*

**B. The Court Should Reject MLB Defendants Attempt to Expand the Pleading Requirements of *Twombly* and *Iqbal*.**

The MLB Defendants argue that Front Row Technologies' complaint must specify ***how*** the accused products actually infringe each of the patents-in-suit on an element-by-element basis.

(Dkt. No. 50 at 8). But the Federal Circuit has explicitly held that a plaintiff must only "plead facts sufficient to place the alleged infringer on notice . . . [and] is not required to specifically include each element of the claims in the asserted patent." *McZeal*, 501 F.3d at 1357. And, as discussed in greater detail below, Front Row Technologies' complaint provides ample notice of its infringement claims.

Further, MLB Defendants also argue, disingenuously, that Front Row Technologies' Complaint is insufficient because Front Row Technologies "cop[ied] and past[ed] claim limitations" into it. (Dkt. No. 50 at 9-10). No case law supports the MLB Defendants position. In *Iqbal* and *Twombly* the Supreme Court held that a complaint cannot be based solely on legal conclusions. *See Twombly* 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than lebals and conclusions. . ."), *Iqbal*, 129 S. Ct. at 1950. But neither case held that a complaint should be dismissed simply because it contains "labels and conclusions." *See Twombly* 550 U.S. at 555. To the contrary, the Supreme Court recognized that "legal conclusions can provide the framework of a complaint" as long as they are supported by factual allegations. *Iqbal*, 129 S. Ct. at 1950. As discussed below, Front Row Technologies' complaint contains sufficient factual allegations to support its claims.

### C. Front Row Technologies' Complaint States a Claim for Direct Infringement.

Front Row Technologies' complaint's allegations of direct infringement meet the pleading standard of Federal Rule of Civil Procedure 8(a). Form 18 of the Federal Rules of Civil Procedure, titled "Complaint for Patent Infringement," provides the pleading form for a patent infringement lawsuit.[7] Neither *Iqbal* nor *Twombly* have affected "the adequacy of complying with Form 18." *Eolas Techs., Inc. v. Adobe Sys., Inc.*, No. 6:09-CV-446, 2010 WL 2026627, at

---

[7] FED. R. CIV. P. Form 18 (2010).

*2 (E.D. Tex. May 6, 2010). And numerous courts continue to follow Form 18 as a guide in measuring the sufficiency of patent infringement claims after *Twombly* and *Iqbal*.[8]

In fact, any interpretation to the contrary would nullify Rule 84, which provides that "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity these rules contemplate." Fed. R. Civ. P. 84. And, as even the *Twombly* Court recognized, altering the Federal Rules of Civil Procedure cannot be accomplished by judicial interpretation. *See Twombly*, 550 U.S. at 569 n.14 (holding that altering the Federal Rules of Civil Procedure can only be done through amendment, not judicial interpretation); *McZeal*, 501 F.3d at 1360 (commenting that tension between Form 18 and *Twombly* can only be resolved by amending the Fed. R. Civ. P.: "One can only hope that the rulemaking process will eventually result in eliminating [Form 18], or at least in revising it to require allegations specifying which claims are infringed, and the features of the accused device that correspond to the claim limitations"). Even the case primarily relied upon by the MLB Defendants acknowledges that a pleading that conforms to Form 18 meets the *Twombly* and *Iqbal* requirements:

> "[i]t is not easy to reconcile Form 18 with the guidance of the Supreme Court in *Twombly* and *Iqbal;* while the form undoubtedly provides a "short and plain statement," it offers little to "show" that the pleader is entitled to relief. Under Rule 84 of the Federal Rules of Civil Procedure, however, ***a court must accept as sufficient any pleading made in conformance with the forms***.

*See Elan Microelectronics Corp. v. Apple, Inc.*, C 09-01531 RS, 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009) (emphasis added).

---

[8] *See e.g., McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007); *Sharafabadi v. Pacific NW Farmers Cooperative*, C09-1043JLR, 2010 WL 234769, at *2 (W.D. Wash. Jan. 14, 2010); *Mark IV Indus. Corp. v. Transcore, L.P.*, 09-418 GMS, 2009 WL 4828661, at *2-4 (D. Del. Dec. 2, 2009); *Mallinckrodt, Inc. v. E-Z-EM Inc.*, 09-228-JJF, 2009 WL 4023134, at *3 (D. Del. Nov. 20, 2009); *Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531 RS, 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009); *Adv. Analogic Techs., Inc. v. Kinetic Techs., Inc.*, No. C-09-1360 MMC, 2009 WL 1974602, at *1 (N.D. Cal. July 8, 2009); *S.O.I.TEC Silicon On Insulator Techs., S.A. v. MEMC Elec. Materials, Inc.*, No. 08-292-SLR, 2009 WL 423989, at *2 (D Del. Feb. 20, 2009); *see also Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 17 (D.C. Cir. 2008); *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008).

As a result, it is inarguable that Front Row Technologies' Complaint properly states a claim for direct infringement because it follows the outline provided by Form 18. Specifically, Front Row Technologies' complaint includes a statement of jurisdiction, a statement that Front Row owns the patents-in-suit, a statement that the MLB Defendants have infringed the patents-in-suit by making, using, selling, offering for sale, and/or importing into the United States, without authority, products or processes embodying the patents-in-suit, as shown below:

| Form 18 | Front Row's Complaint |
| --- | --- |
| 1. (Statement of Jurisdiction--See Form 7.) | 5. This action arises under the patent laws of the United States, Title 35 of the United States Code. The Court's Jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331 and 1338(a). |
| 2. On *date*, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent. | 8. Plaintiff Front Row is the owner of all rights, title and interest in and under United States Patent No. 7,620,426, titled "*Providing Video of A Venue Activity To A Hand Held Device Through A Cellular Communications Network*," which duly and legally issued on *November 17, 2009*.[9] |
| 3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court. | 17. Defendants Major League Baseball Properties, Inc. and MLB Advanced Media, L.P. . . . have been and are continuing to directly infringe, literally and/or under the doctrine of equivalents, the '426 patent by making, using, offering for sale, selling, and/or importing in or into the United States, without authority, instrumentalities that practice one or more claims of the '426 patent in violation of § 271(a), including but not limited to, MLB Defendants' *AT BAT MOBILE* application, which can be implemented on several different types of hand held devices.[10] |

---

[9] Each of the four patents in suit has an identical statement made about it in the complaint. *See* Dkt. No. 44 ¶¶ 8-11 (emphasis added).
[10] A similar allegation exists for each of the patents-in-suit. *See* Dkt. No. 44 ¶¶ 17, 22, 26, 34 (emphasis added).

| 4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all *electric motors* it manufactures and sells and has given the defendant written notice of the infringement. | 16. All requirements under 35 U.S.C. § 287 have been satisfied with respect to the '426 patent, the '388 patent, the '549 patent, and the '877 patent.[11] |
|---|---|

Therefore, the Court should hold that Front Row's Complaint properly states a claim for direct infringement.

### D. Front Row Technologies' Complaint States a Claim for Indirect Infringement.

Again, Front Row Technologies' claims for indirect infringement fully comply with Rule 8(a)'s pleading standard as outlined by *Twombly*, *Iqbal*, and the Federal Circuit. Specifically, the complaint asserts ownership of all the asserted patents, names the MLB entities as defendants, cites the '426 Patent, '388 Patent, '549 Patent, and '877 Patents as allegedly infringed, and asserts that MLB induced and/or contributed to the infringement of the asserted patents by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products or processes falling within the scope of the asserted patents.[12]

The level of detail provided by Front Row Technologies' complaint in its allegations for indirect infringement is similar to those approved by Form 18, the Federal Circuit, and other district courts. *See McZeal*, 501 F.3d at 1357; *Phonometrics, Inc.*, 203 F.3d at 794; *FotoMedia Techs., LLC*, 2008 WL 4135906, at *1-2 (approving of a substantially similar claim for indirect infringement), *adopted by Fotomedia Techs., LLC v. AOL, LLC*, No. 2:07-CV-255, 2008 WL 4372348, at *1 (E.D. Tex. Sept. 24, 2008); *One World Techs., Ltd. v. Robert Bosch Tool Corp.*, No. 04 C 0833, 2004 WL 1576696, at *2 (N.D. Ill. July 13, 2004) (same).

---

[11] Dkt. No. 44 ¶ 16.
[12] *See* Dkt. No. 44 ¶¶ 17-42.

Although Form 18 does not include claims for indirect infringement, at least one district court has found the form instructive in evaluating claims for indirect infringement. *See Fotomedia*, 2008 WL 4135906, at *2 (Holding that plaintiff properly pled indirect infringement because "the level of detail provided by [plaintiff] in its allegations of indirect infringement are similar to those approve by Form [18], the Federal Circuit, and the courts in this district."). Specifically, the court in *Fotomedia* held that it was **not necessary to plead each and every individual element for a claim of indirect infringement**. *Id. at* *2 ([N]either the patent infringement pleading form nor the holdings from the Federal Circuit require the pleading of each individual element of a claim for indirect infringement.").

Because it is unnecessary to plead each individual element of a claim for indirect infringement, it is unnecessary for Front Row Technologies to specify a third party that was induced and/or contributed to the infringement, how that entity directly infringed the asserted patents, or MLB's knowledge of the asserted patents. *See FotoMedia* 2008 WL 4135906, at *2. Notably absent from the MLB Defendants' motion to dismiss is the obvious point that, given the live pleading that the MLB Defendants seek to dismiss is the *Third Amended Complaint*, it is self-evident and undeniable that the MLB Defendants had notice of the patents. 38 U.S.C. § 287(a) ("Filing of an action for infringement shall constitute such notice.").

As noted above, Front Row Technologies identified what "infringing products have no substantial non-infringing uses," including MLB's "AT BAT MOBILE application."[13] Further, the complaint specified how the MLB Defendants induced or contributed to infringement—by "making, using, offering for sale, selling, and/or importing in or into the United States, without authority, instrumentalities that practice one or more claims of the [asserted patents], including

---

[13] *See* Dkt. No. 44 ¶ 21, 25, 33, 39.

but not limited to the MLB Defendants' AT BAT MOBILE application."[14]  Therefore, the Court should hold that Front Row Technologies' Complaint properly states a claim of indirect infringement.

### E.   MLB Defendants' Implausibility Argument is Inappropriate at this Stage.

MLB Defendants' argument that it is facially implausible that their AT BAT MOBILE application infringes any of the asserted claims is premature because it requires the Court to construe the claims prior to any claim construction discovery, expert disclosure or discovery, and without any claim construction briefing.

The MLB Defendants simply fail to show that Front Row Technologies' Complaint is implausible on its face.  Moreover, the MLB Defendants improperly contend that "Front Row has not and cannot plausibly allege that provision of the accused software application by the named MLB Defendants includes provisions of a 'server,' 'video camera,' 'hand held device,' 'motion video display,' or an 'entertainment venue' as required by the asserted Front Row patents."[15]  The MLB Defendants go on to conclude that there is no plausible basis for infringement because "[t]he fact that software is not, for example, a video camera, [which] is determinable as a matter of the Court's judicial experience and common sense."[16]  But the MLB Defendants make no effort to prove, and cannot prove, that the 16 independent claims, and 106 dependent claims of the patents-in-suit are implausible on their face.[17]  And if they tried, their 12(b) Motion is as Front Row Technologies suspected, an end-run around a proper Rule 56 summary judgment motion. For instance, claim 1 of the '549 patent is a method claim for "receiving venue-based data at a hand-held device" and includes steps of (i) wirelessly receiving

---

[14] *See* Dkt. No. 44 ¶ 21, 25, 33, 39.
[15] Dkt. No. 50 at 13.
[16] Dkt. No. 50 at 12.
[17] And if they tried, the MLB Defendants' 12(b) motion is as Front Row Technologies suspected—an end-run around a proper Rule 56 summary judgment motion.

data at a hand held device, (ii) processing this data, and (iii) displaying video.[18] Because the accused product—AT BAT MOBILE—is at least an iPhone application that allows users to watch live broadcasts of major league baseball games, amongst other features, it is disingenuous for the MLB Defendants to claim at this stage of the case that no plausible theory of infringement exists for every claim of all four asserted patents.

Additionally, dispositive motions requiring claim interpretations are inappropriate at the pleadings stage. *See Actus, LLC v. Bank of America Corp.*, 2-09-cv-102-TJW, 2010 WL 547183, at *2 (E.D. Tex. Feb. 10, 2010) (denying motion to dismiss because the motion required the court to construe the claims prior to claim construction discovery and briefing); *Paltak Holdings, Inc. v. Sony Computer Entertainment Am. Inc.*, 2:09-CV-274, 2010 WL 3816567, at * 1-2 (E.D. Tex. Sept. 1, 2010) (Dispositive motions rooted in the parties' disparate interpretations of the claims are in appropriate at the pleadings stage."); *Tune Hunter Inc. v. Samsung Telecoms. Am., LLC*, 2:09-cv-148-TJW, 2010 WL 1409245, at 5 (E.D. Tex. April 1, 2010) (Denying a motion to dismiss and holding that divided infringement should be raised in a motion for summary judgment).

Further, the only case cited by MLB Defendants, *Desenberg v. Google*, is easily distinguished. In *Desenberg*, the patent-in-suit contained only one independent method claim that inarguably required the participation of multiple parties. *Desenberg v. Google, Inc.*, No. 2010-1212, 2010 WL 3452493, at *1 (Fed. Cir. Aug. 31, 2010). By contrast, here, there are 4 patents, 16 independent claims, and 106 dependent claims at issue.[19] And Front Row Technologies vigorously contests MLB Defendants contention that all the claims require multiple parties. Thus, the holding in *Desenberg* is inapplicable in the instant case.

---

[18] U.S. Patent No. 7,149,549 col.27 l.21-38 (filed Nov. 8, 2000).
[19] Dkt. No. 44 ¶¶ 17, 22, 26, 34.

Therefore, the Court should deny the MLB Defendants' motion to dismiss.

### F. Alternatively, Front Row Technologies Requests Leave to Amend its Complaint to Cure any Deficiency.

Alternatively, the Court should grant Front Row Technologies' concurrent request for leave to amend its Complaint. Federal Rule of Civil Procedure 15(a) provides that parties may amend pleadings "once as a matter of course[,] . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."[20] Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[21] Dismissals under 12(b)(6) are typically only granted "after the plaintiff is afforded notice and an opportunity to amend the complaint to cure the defective allegations." *Land v. Midwest Office Tech., Inc.*, 979 F. Supp. 1344, 1349 (D. Kan. 1997). The opportunity to cure a defective pleading through amendment is always granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). Here, Front Row Technologies has already amended its pleading once as a matter of course so it requires either the opposing party's written consent or the Court's leave to file a further amendment.[22]

In the unlikely event that the Court determines that the complaint fails to state a claim for direct or indirect infringement under Rule 8(a), Front Row Technologies respectfully requests that the Court grant its Motion for Leave to Amend, which was filed concurrently with this response.

---

[20] Fed. R. Civ. P. 15(a)(1).
[21] Fed. R. Civ. P. 15(a)(2).
[22] Dkt. No. 9.

## IV. Conclusion

Front Row Technologies' Complaint adequately states claims for both direct and indirect infringement because it complies with Form 18 of the Federal Rules of Civil Procedure. Additionally, the MLB Defendants' motion should be declined as premature since no claim construction discovery, briefing, or expert discovery has occurred. Therefore, MLB Defendants' Motion to Dismiss should be denied. In the event that the Court determines that Front Row Technologies' Complaint is deficient in any respect, Front Row Technologies respectfully requests that the Court grant its co-pending motion for leave to amend its complaint.

Dated: January 24, 2011	Respectfully submitted,

/s/ William G. Gilchrist
William G. Gilchrist
Bryan J. Davis
DAVIS & GILCHRIST, P.C.
117 Bryn Mawr, S.E.
Albuquerque, New Mexico 87106
(505) 435-9908

and

SHORE CHAN BRAGALONE DEPUMPO LLP

Michael W. Shore
Texas State Bar No. 18294915
Alfonso Garcia Chan
Texas State Bar No. 24012408
Patrick J. Conroy
Texas Bar No. 24012448
Rajkumar Vinnakota
Texas Bar No. 24042337
Christopher L. Evans
Texas Bar No. 24058901
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: 214.593.9110
Facsimile: 214.593.9111

*Attorneys for Plaintiff*
*Front Row Technologies, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing document with the clerk of the court for the United States District Court, District of New Mexico, on January 24, 2011, using the electronic case filing system of the court, and that service has been made on all counsel of record through the Court's e-filing system.

January 24, 2011	/s/ William G. Gilchrist
Date	William G. Gilchrist