# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

FRONT ROW TECHNOLOGIES, LLC,

      Plaintiff,

vs.                                                                                      No. CIV 10-0433 JB/SCY

NBA MEDIA VENTURES, LLC,
MLB ADVANCED MEDIA, L.P.,
MERCURY RADIO ARTS, INC.,
GBTV, LLC, MAJOR LEAGUE
BASEBALL PROPERTIES, INC ., &
PREMIERE RADIO NETWORKS, INC.,

      Defendants.

*consolidated with*

FRONT ROW TECHNOLOGIES, LLC,

      Plaintiff,

vs.                                                                                      No. CIV 12-1309 JB/SCY

MLB ADVANCED MEDIA, L.P.,
MERCURY RADIO ARTS, INC.,
d/b/a 'THE GLEN BECK PROGRAM,
INC.', & GBTV, LLC,

      Defendants.

*consolidated with*

FRONT ROW TECHNOLOGIES, LLC,

      Plaintiff,

vs.                                                                                      No. CIV 13-1153 JB/SCY

NBA MEDIA VENTURES,
TURNER SPORTS INTERACTIVE, INC.
& TURNER DIGITAL BASKETBALL
SERVICES, INC.,

   Defendants.

*consolidated with*

FRONT ROW TECHNOLOGIES, LLC,

   Plaintiff,

vs.              No. CIV 13-0636 JB/SCY

TURNER SPORTS INTERACTIVE, INC., AND
TURNER DIGITAL BASKETBALL SERVICES,
INC.,

   Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

  **THIS MATTER** comes before the Court on: (i) Defendant Premiere Radio Networks, Inc.'s Motion to Dismiss the Fifth Amended Complaint, filed May 19, 2016 (Doc. 318)("Premiere's Motion"); and (ii) the Plaintiff's Motion for Voluntary Dismissal Under Rule 41 and Response to Premiere Radio Networks Inc.'s Motion to Dismiss, filed June 21, 2016 (Doc. 345)("Front Row's Motion"). The Court held a hearing on July 14, 2016. The primary issue is whether the Court should dismiss Plaintiff Front Row Technologies, LLC's ("Front Row") claims against Defendant Premiere Radio Networks, Inc. ("Premiere Radio"). The Court concludes that Premiere Radio will not suffer legal prejudice absent a dismissal with prejudice, and thus dismisses Front Row's claims without prejudice.

## <u>FACTUAL BACKGROUND</u>

  The Court takes its facts from the Plaintiff's Fifth Amended Complaint for Patent Infringement and Jury Demand, filed March 31, 2016 (Doc. 287)("Fifth Amended Complaint").

Front Row[1] is a New Mexico limited liability company that holds patents related to streaming video on mobile devices. See Fifth Amended Complaint ¶¶ 1-16, at 1-4. Front Row owns "all rights, title, and interest in and under" five such patents:

1. United States Patent No. 8,086,184 ("184 patent"), titled "Transmitting Sports and Entertainment Data to Wireless Hand Held Devices over a Telecommunications Network," which duly and legally issued on December 27, 2011;

2. United States Patent No. 8,270,895 ("895 patent"), titled "Transmitting Sports and Entertainment Data to Wireless Hand Held Devices over a Telecommunications Network," which duly and legally issued on September 18, 2012;

3. United States Patent No. 7,812,856 ("856 patent"), titled "Providing Multiple Perspectives of a Venue Activity to Electronic Wireless Hand Held Devices," which duly and legally issued on October 12, 2010;

4. United States Patent No. 8,583,027 ("027 patent"), titled "Methods and Systems for Authorizing Computing Devices for Receipt of Venue-Based Data Based on the Location of a User," which duly and legally issued on November 12, 2013; and

5. United States Patent No. 8,401,460 ("460 patent"), titled "Transmitting Sports and Entertainment Data to Wireless Hand Held Devices over a Telecommunications Network," which duly and legally issued on March 19, 2013.

Fifth Amended Complaint ¶¶ 12-16, at 3-4. Front Row alleges that all of these patents are valid and enforceable. See Fifth Amended Complaint ¶¶ 17-21, at 4.

Defendants and Counterclaimants Mercury Radio Arts, Inc. ("Mercury Radio") and GBTV, LLC ("GBTV") create and distribute multimedia content over the Internet. See Fifth Amended Complaint ¶¶ 3-4, at 2.

Defendant and Counterclaimant Premiere Radio is a "national radio network that produces radio programming and services for radio stations, and distributes its own and various third-party radio programs to radio station affiliates throughout the world." Fifth Amended Complaint ¶ 5, at 2.

---

[1]Inventors Luis Ortiz and Kermit Lopez founded Front Row in 2000. See Motion at 6.

Front Row alleges that Mercury Radio, GBTV, and Premiere Radio infringed its patents by: (i) providing wireless streaming of venue-based data onto handheld devices; and (ii) knowingly inducing their customers to infringe on the patent by providing applications that those customers would use to access live video of entertainment events.  See, e.g., Fifth Amended Complaint ¶¶ 27, at 6.

## PROCEDURAL BACKGROUND

The current case consists of four consolidated cases.  Front Row filed its first lawsuit in the District of New Mexico on May 5, 2010.  See Plaintiff's Original Complaint for Patent Infringement and Jury Demand, filed May 5, 2010 (Doc. 1).  Front Row filed its second lawsuit on May 25, 2012, in the United States District Court for the Northern District of Texas.  See Complaint, filed May 25, 2012 (Doc. 1 in Front Row Techs., LLC v. MLB Advanced Media, L.P., No. 3:12-cv-01639-K (N.D. Tex.)(Kinkeade, J.)(the "Second Action")).

On December 17, 2012, the Honorable Ed Kinkeade, United States District Judge for the Northern District of Texas, transferred the Second Action to the District of New Mexico.  See Order, filed December 17, 2012 (Doc. 44 in the Second Action).  The Second Action then received a new case number, No. CIV 12-1309 JB/SCY (D.N.M.).  On February 12, 2013, the Honorable William P. Johnson, United States District Judge for the District of New Mexico, consolidated the Second Action with this case.  See Order Consolidating Civil Cases, filed February 12, 2013 (Doc. 65 in the Second Action).

Front Row filed its third lawsuit on July 10, 2013.  See Plaintiff Front Row Technologies, LLC's Original Complaint for Patent Infringement, filed July 10, 2013 (Doc. 1 in Front Row Techs. v. Time Warner Inc. et al, No. CIV 13-0636 JB/SCY)("the Third Action").  The Court

granted the parties' joint consolidation motion on December 3, 2013.  See Proposed Order, filed December 3, 2013 (Doc. 43 in the Third Action).

Front Row filed its fourth lawsuit on December 5, 2013.  See Plaintiff Front Row Technologies, LLC's Original Complaint for Patent Infringement, filed December 5, 2013 (Doc. 1 in Front Row Techs., LLC v. NBA Media Ventures, No. CIV 13-1153 JB/SCY (D.N.M.)("the Fourth Action")).  The Honorable Judith C. Herrera, United States District Judge for the District of New Mexico, consolidated the Fourth Action with this case on April 22, 2014.  See Order of Consolidation, filed April 22, 2014 (Doc. 65 in the Fourth Action).

**1.      The Complaint.**

Front Row seeks extensive relief against all Defendants, including: (i) a declaration that Front Row "exclusively owns" all of the patents; (ii) a declaration that all of the patents are valid and enforceable; (iii) declarations that the Defendants are liable for past and present infringement of certain patents, "both literally and under the doctrine of equivalents"; (iv) all damages to which Front Row is entitled; and (vi) "other relief" to which Front Row "is entitled."  Fifth Amended Complaint ¶¶ (a)-(i), at 22-23.

**2.      The Motion.**

Premiere Radio moved to dismiss the Fifth Amended Complaint on May 19, 2016.  See Motion at 1; Defendant Premiere Radio Networks, Inc.'s Memorandum of Law in Support of its Motion to Dismiss the Fifth Amended Complaint, filed May 19, 2016 (Doc. 319)("Motion MOL").  Premiere Radio begins by explaining that it "does not, and is not alleged to, produce or broadcast any video content[.]"  Motion MOL at 1.  Premiere Radio notes that the Fifth Amended Complaint mentions it by name in just four paragraphs:

> once to describe its corporate residence and its business (see [Fifth Amended Complaint ¶ 5, at 2]), once to define Premiere Radio as part of the collective

"Beck Defendants" (*see id.* ¶ 26[, at 6), and twice in the Prayer for Relief.  (*See* Cplt. Prayer for Relief ¶¶ (c), (f)[, at 22-23.]).

Motion MOL at 2.  These four paragraphs, it asserts, "contain[] no substantive allegations as to Premiere" and do not explain "Premiere's relationship, if any, to the alleged infringements." Motion MOL at 2.  It contends that the Court should dismiss the claims against it under rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Motion MOL at 2.  It adds that Front Row's reference to it as one of the collective "Beck Defendants" "improperly lumps Premiere in with two other defendants, making it impossible to determine which allegations are applicable to Premiere Radio, and thus 'robbing [Front Row's] assertion of plausibility.'"  Motion MOL at 2 (quoting In re Thornburg Mortgage, Inc. Sec. Litig., 824 F. Supp. 2d 1214, 1262 (D.N.M. 2011)(Browning, J.), affirmed by Slater v. A.G. Edwards & Sons, Inc., 719 F.3d 1190 (10th Cir. 2013)).  It concludes that "Front Row's contentions contain nothing more than 'labels and conclusions,' 'formulaic recitation[s] of the elements of a cause of action,' and 'naked assertions devoid of further factual enhancement.'"  Motion MOL at 3 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  It requests that the Court end this "vexatious" litigation by dismissing it with prejudice.  Motion MOL at 3.

    **3.    The Response and Motion for Voluntary Dismissal.**

Front Row responded to Premiere Radio's Motion on June 21, 2016.  See Front Row's Motion at 1.  Front Row first explains that the situation has changed:

> After Premiere Radio Networks Inc. ("Premiere") filed its motion to dismiss (Dkts. 318 and 319), the parties conferred and Front Row agreed to dismiss its claims against Premiere under Rule 41 without prejudice.  Premiere declined Front Row's offer only because it believed the dismissal should be with prejudice but agreed that the only issue left for the Court to decide was whether the dismissal should be with or without prejudice.  Front Row is dismissing its claims against Premiere based solely on Premiere's sworn declaration that it is not involved in the Accused Products.

Front Row's Motion at 1.  It notes that it received a sworn declaration from Premiere Radio's President on May 27, 2016.  <u>See</u> Front Row's Motion at 1.  The declaration, it explained, states: "'Premiere has nothing to do with any of the video products in this case' and 'Premiere does not provide, and has never provided, any of the video streaming services associated with any of the Accused Products.'"  Front Row's Motion at 1 (quoting Declaration of Julie Talbott, filed June 21, 2016 (Doc. 345-1)("Talbot Declaration")).  Given that Premiere Radio rejected its offer of a stipulated dismissal under rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Front Row requests that the Court dismiss its claims without prejudice.  <u>See</u> Front Row's Motion at 2.

Front Row first argues that dismissal under rule 41 should be without prejudice unless it would cause a defendant to suffer "plain legal prejudice."  Front Row's Motion at 2 (quoting <u>Arias v. Cameron</u>, 776 F.3d 1262, 1268 (11th Cir. 2015)).  It adds that, to evaluate the possible legal prejudice, the Court should consider "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation."  Front Row's Motion at 2 (quoting <u>Ohlander v. Larson</u>, 114 F.3d 1531, 1537 (10th Cir. 1997)("<u>Ohlander</u>")).  It notes that the possibility of a second suit against a defendant does not qualify as legal prejudice.  <u>See</u> Front Row's Motion at 2 (quoting <u>Ohlander</u>, 114 F.3d at 1537).

Front Row then argues that all of these factors favor dismissal without prejudice:

First, Premiere has not put much effort into preparing for trial because the case is still at the pleadings stage.  This is a multi-defendant suit where Premiere is not the lead defendant.  Second, Front Row promptly moved for dismissal after receiving Premiere's sworn declaration that it has no involvement with any of the Accused Products. Third, Front Row explained that the dismissal is based on Premiere's sworn declaration that it has no involvement with any of the Accused

> Products.  Finally, the case is still in its early stages, which also favors a dismissal
> without prejudice.

Front Row's Motion at 3.  Finally, Front Row argues that its agreement to dismiss its claims

against Premiere Radio is based on Premiere Radio's representations that it is not connected to

any infringing products.  See Front Row's Motion at 3.  It complains that it has not yet

independently verified Premiere Radio's representations.  See Front Row's Motion at 3.  It thus

contends that "a dismissal without prejudice here will act as a final dismissal if Premiere is

telling the truth but will preserve Front Row's right to reassert its claims if Premiere is not."

Front Row's Motion at 3.

### 4.    The Reply and Response to Motion to Dismiss Without Prejudice.

Premiere Radio replied on June 28, 2016.  See Defendant Premiere Radio Networks,

Inc.'s Opposition to Plaintiff's Cross-Motion to Dismiss Without Prejudice and Reply in Further

Support of Its Motion to Dismiss with Prejudice, filed June 28, 2016 (Doc. 346)("Premiere

Radio's Response").  Premiere Radio argues that it

> has been, and will continue to be, prejudiced by Front Row's excessive delay and
> lack of diligence in pursuing its claims, and Front Row's desire to reserve its right
> to conduct a fishing expedition later to substantiate baseless claims it brought four
> years ago is not an adequate reason for a dismissal without prejudice.

Premiere Radio's Response at 2.  It recognizes that the four Ohlander factors govern the Court's

decision, but notes that they are not exclusive and that the Court may consider other relevant

facts.  See Premiere Radio's Response at 2.

Premiere Radio then proceeds to its substantive arguments.  See Premiere Radio's

Response at 3-5.  First, it again argues that Front Row has no plausible basis for naming it as a

Defendant.  See Premiere Radio's Response at 2-3.  It states that Front Row "has not provided

any justification for the possibility of future litigation in this matter against Premiere besides

rank speculation."  Premiere Radio's Response at 3.  Second, it complains that Front Row's delay has left it "in a state of limbo."  Premiere Radio's Response at 3.  Third, it contends that Front Row did not move to dismiss it in a timely manner, but instead waited years and moved only in response to Premiere Radio's Motion.  See Premiere Radio's Response at 3 n.2.  Front Row's reference to the lack of independent verification, Premiere Radio explains, only further highlights its lack of due diligence. See Premiere Radio's Response at 3.  Fourth, Premiere Radio contends that the litigation is no longer in an "early stage."  Premiere Radio's Response at 4.  It notes that: (i) the case has been pending for four years; (ii) it has invested significant resources and time in reviewing and responding to Front Row's complaints; (iii) it has also prepared "various motions and opposition papers"; and (iv) discovery has begun and will likely continue if Premiere is dragged back into the case.     Premiere Radio's Response at 4.  Premiere Radio closes by arguing that rule 15 of the Federal Rules of Civil Procedure would bar further amendment to the Fifth Amended Complaint even if the Court grants a dismissal without prejudice.  See Premiere Radio's Response at 5 n.4.  It explains that Front Row "engaged in undue delay," "failed to cure its prior deficient pleadings," "caused undue prejudice," and "acted in bad faith" by naming it as a defendant without doing any due diligence.  Premiere Radio's Response at 5 n.4.  It also raises a futility argument.  See Premiere Radio's Response at 5 n.4.

### 5. **The Hearing.**

The Court held a hearing on July 14, 2016.  See Transcript of Motion Proceedings at 1-2 (Court)(taken July 14, 2016), filed July 19, 2016 (Doc. 354)("Tr.").  The Court began the hearing by stating that it was inclined to hold that Front Row's patents are not subject-matter eligible under 35 U.S.C. § 101.  See Tr. at 5:10-10:7 (Court).  Premiere Radio stated that it would still want a decision on whether it would be dismissed with or without prejudice.  See Tr. at 12:17-24

(Sholder).   The parties largely stuck to the arguments in their briefing during the resulting

exchange.  See Tr. at 12:25-15:10 (Court, Sholder, Shore).  Front Row argued that it had "no

discovery," and that "almost nothing [had been] done in the case other than the motion to

dismiss."  Tr. at 13:22-24 (Shore).  It added that, in any case, "a dismissal without prejudice, if

you find the patents to be non-subject-matter eligible, that's an equivalent of a dismissal with

prejudice, because no one is going to be bringing a case back anyway."  Tr. at 14:3-7 (Shore).

Premiere Radio responded that Front Row did not need discovery to confirm the Talbot

Declaration's statements, and that Front Row should have obtained relevant information before

filing a complaint against it.  See Tr. at 14:17-25 (Sholder).  The Court concluded the hearing by

stating its inclination to dismiss Premiere Radio without prejudice.  See Tr. at 15:11-15 (Court).

## LAW REGARDING DISMISSAL WITH PREJUDICE

Rule 41(a)(2), which governs all dismissals undertaken by way of a court order, grants

courts discretion to condition dismissal "on terms that the court considers proper," Fed. R. Civ.

P. 41(a)(2), formerly, "on terms and conditions as the court deems proper," Smith v. Phillips,

881 F.2d 902, 904-05 (10th Cir. 1989)(quoting Fed. R. Civ. P. 41(a)(2) (1988)).  See Pedroza v.

Lomas Auto Mall, Inc., 304 F.R.D. 307, 327 (D.N.M. 2014)(Browning, J.).  "Rule 41(a)(2) [for

opposed dismissals without prejudice by court order] provides a relatively liberal standard."  Carl

Kelley Const. LLC v. Danco Technologies, No. 08-0379, 2010 WL 965735, at *1 (Feb. 28,

2010)(Browning, J.).  "Absent 'legal prejudice' to the defendant, the district court normally

should grant such a [rule 41(a)(2) ] dismissal."  Ohlander, 114 F.3d at 1537.  The Court has

previously noted:

> Rule 41(a)(2) "is designed primarily to prevent voluntary dismissals which
> unfairly affect the other side, and to permit the imposition of curative conditions."
> Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993)(quotation marks omitted).  In
> resolving rule 41(a)(2) motions, the Court should consider the following factors to

> assess "legal prejudice" to the defendants: (i) the defendants' "effort and expense of preparation for trial;" (ii) the plaintiff's "excessive delay and lack of diligence . . . in prosecuting the action;" and (iii) the plaintiff's "insufficient explanation for the need to take a dismissal." <u>Id</u>.

<u>Ysais v. Richardson</u>, No. 07-0287, 2008 WL 4834921, at *1-2 (D.N.M. July 8, 2008)(Browning, J.).

## <u>ANALYSIS</u>

The Court will grant the requests in Front Row's Motion for Voluntary Dismissal, and grant Premiere Radio's Motion in part and deny it in part, and dismiss Premiere Radio from the case without prejudice. First, although Premiere Radio has invested some time and resources in this litigation, it has not participated in the primary disputes in the case and its expenditures are likely minimal compared to the other Defendants' costs. Second, although Front Row has delayed these proceedings because of its lack of diligence, this factor is not dispositive. Third, Front Row has adequately explained the need for a dismissal. Finally, although this litigation is not new, it is nonetheless at an early stage.

The Court grants dismissals without prejudice "absent 'legal prejudice'" to the defendant. <u>Ohlander</u>, 114 F.3d at 1537 (quoting <u>McCants v. Ford Motor Co.</u>, 781 F.2d 855, 857 (11th Cir. 1986)). <u>Ohlander</u> provides the controlling test for legal prejudice:

> The parameters of what constitutes "legal prejudice" are not entirely clear, but relevant factors the district court should consider include: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation.

<u>Ohlander</u>, 114 F.3d at 1537 (citing <u>Phillips USA, Inc. v. Allflex USA, Inc.</u>, 77 F.3d 354, 358 (10th Cir. 1996)). The Court may consider other factors as well, and none of these factors are dispositive. <u>See Phillips USA, Inc. v. Allflex USA, Inc.</u>, 77 F.3d at 358.

The first <u>Ohlander</u> factor, which considers "the opposing party's effort and expense in preparing for trial," favors dismissal without prejudice.  <u>Ohlander</u>, 114 F.3d at 1537.  Although this case began in 2010, <u>see</u> Plaintiff's Original Complaint for Patent Infringement and Jury Demand, filed May 5, 2010 (Doc. 1), Premiere Radio has played a relatively inactive role in the litigation.  It is not the lead Defendant.  The Defendants are cooperating to file motions to dismiss and motions for judgment on the pleadings.  Moreover, Premiere Radio shares counsel with GBTV, so its attorneys have only had to add its position to their filings for GBTV.  That discovery may have begun is not dispositive.  <u>See</u> <u>Carter v. Noodles & Co.</u>, No. 16-CV-00319-CMA-KMT, 2016 WL 3636833, at *3 (D. Colo. June 29, 2016)(Arguello, J.)("The Court[] finds that, while Defendant has expended some resources engaging in preliminary discovery in this matter, Defendant's expenditure of time and money is not so significant that it would constitute legal prejudice if dismissal were granted.").  The Court does not have specific information on Premiere Radio's costs for any completed discovery.  Moreover, Premiere Radio admits that it has not received any discovery requests from Front Row.  The Court thus cannot soundly conclude that Premiere Radio "appears to have expended sufficient effort in this case to proceed to trial."  <u>Deatley v. Keybank Nat'l Ass'n</u>, No. 12-CV-02973-PAB-BNB, 2014 WL 4436808, at *4 (D. Colo. Sept. 9, 2014)(Brimmer, J.).

The second <u>Ohlander</u> factor -- "excessive delay and lack of diligence on the part of the movant" -- favors dismissal with prejudice.  <u>Ohlander</u>, 114 F.3d at 1537.  Front Row argues that it "promptly moved for dismissal after receiving Premiere's sworn declaration that it has no involvement with any of the Accused Products."  Front Row's Motion at 3.  Front Row, however, did not begin efforts to dismiss Premiere Radio until Premiere Radio filed its own motion.  Nor does it specify whether it requested the Talbot Declaration long ago or only reacted

to Premiere Radio's decision.  See Front Row's Motion at 1 ("Front Row was provided with a sworn declaration[.]")(emphasis added).  Given that Premiere Radio has been in the case for years without receiving discovery requests, Front Row unnecessarily delayed and showed a lack of diligence, in determining whether it properly named Premiere Radio as a Defendant.  The Tenth Circuit, however, has explained that "[e]ach factor need not be resolved in favor of the moving party for dismissal to be appropriate[.]"  Ohlander, 114 F.3d at 1537.  Premiere Radio's failure on the other factors outweighs its success on this factor.

The third Ohlander factor, which examines whether the movant gave an "insufficient explanation of the need for a dismissal," favors dismissal without prejudice.  Ohlander, 114 F.3d at 1537.  Premiere Radio again argues that Front Row fails to explain its connection to the case.  See Premiere Motion at 1.  The factor focuses, however, on "the need for a dismissal."  Ohlander, 114 F.3d at 1537.  Premiere Radio has explained that its dismissal "is based on Premiere's sworn declaration that it has no involvement with any of the Accused Products."  Front Row's Motion at 3.  This statement adequately explains the need for a dismissal here.

The final Ohlander factor, which focuses on "the present stage of litigation," also favors dismissal without prejudice.  This litigation remains at an early stage -- Premiere Radio has not received any discovery requests, and although the parties have filed potentially dispositive motions, they have not reached summary judgment.

One final consideration supports the Court's decision.  The Court ruled on August 30, 2016, that Front Row's underlying patents are invalid under 35 U.S.C. § 101.  See Memorandum Opinion and Order, filed August 30, 2016 (Doc. 357).  If the Federal Circuit affirms the Court's decision in full, or otherwise invalidates the 184, 895, and 460 Patents -- the only patents which

Front Row asserts against Premiere Radio -- there will not be a continuing case against Premiere Radio and this issue will be moot.

**IT IS ORDERED** that: (i) the requests in Defendant Premiere Radio Networks, Inc.'s Motion to Dismiss the Fifth Amended Complaint, filed May 19, 2016 (Doc. 318), are granted in part and denied in part; (ii) the requests in the Plaintiff's Motion for Voluntary Dismissal Under Rule 41 and Response to Premiere Radio Networks Inc.'s Motion to Dismiss, filed June 21, 2016 (Doc. 345), are granted; and (iii) Premiere Radio Networks, Inc. is dismissed from this case without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Bryan J. Davis
William G. Gilchrist
Davis, Gilchrist & Lee, P.C.
Albuquerque, New Mexico

-- and --

Michael W. Shore
Alfonso G. Chan
Christopher L. Evans
Patrick J. Conroy
Ari Rafilson
Dustin Lo
Jennifer Rynell
Rajkumar Vinnakota
Shore Chan DePumpo LLP
Dallas, Texas

    *Attorneys for Plaintiff Front Row Technologies, LLC*

John R. Cooney
Emil Kiehne
Modrall Sperling Roehl Harris & Sisk PA
Albuquerque, New Mexico

-- and --

Alan E. Littmann
Douglas J. Winnard
Brian P. O'Donoghue
Goldman Ismail Tomaselli Brennan & Baum, LLP
Chicago, Illinois

-- and --

Cynthia J. Rigsby
Kevin J. Malaney
Foley & Lardner, LLP
Milwaukee, Wisconsin

Jason J. Keener
Foley & Lardner, LLP
Chicago, Illinois

Matthew B. Lowrie
Foley & Lardner, LLP
Boston, Massachusetts

> *Attorneys for Defendants Major League Baseball Properties, Inc. and MLB Advanced Media, L.P.*

David B. Weaver
Baker Botts LLP
Austin, Texas

-- and --

Andrew J. Allen
Hilary L. Preston
Temilola Sobowale
Vinson & Elkins LLP
New York, New York

Jeffrey Han
Stephen M. Hash
Vinson & Elkins LLP
Austin, Texas

> *Attorneys for Defendant NBA Media Ventures, Turner Sports Interactive, Inc., and Turner Digital Basketball Services, Inc.*

Emil Kiehne
Modrall Sperling Roehl Harris & Sisk PA
Albuquerque, New Mexico

-- and --

Eleanor M. Lackman
Joshua S. Wolkoff
Cowan DeBaets Abrams & Sheppard LLP
New York, New York

-- and --

Donna K. Schneider
San Antonio, Texas

> *Attorneys for Mercury Radio Arts, Inc., GBTV, LLC, and Premiere Radio Networks Inc.*